## HIRAM BIRDSALL, *et. al.*

### *vs.*

## LEWIS H. FISCHER, *et. al.*

*Jaeger vs. Hartman*, 13 *Minn.* 57, followed as to proof of an allegation of partnership.

A separate debt cannot be set off as a " *counter-claim* " against a joint debt under *sec.* 80, *ch.* 66, *Gen. Stat. Barker vs. Walbridge*, 14 *Minn.* 475, followed as to the meaning of the term " *equities* " in the third subdivision of *section* 79, *ch.* 66, *Gen. Stat.*

As a general rule a party has not the right to set off a separate debt against a joint debt as an " *equity*," under said third sub-division. Nor is such " equity " raised by the fact that plaintiffs are non-residents of the state where defendant resides, or is sued ; nor by the fact that they have no property in such state, out of which defendant can collect his claim ; nor by the fact that defendant cannot procure service of summons upon them so as to subject them to the jurisdiction of the courts of such state, there being no allegation of plaintiffs' insolvency.

This action was brought in the district court for Rice county by the payees of a joint promissory note against the makers.

Birdsall et al. v. Fischer et al.

The defendant Fischer in a separate answer alleged as a counter-claim, a separate demand of his own against the plaintiffs. The judge who tried the cause, (a jury being waived,) struck out the counter-claim upon plaintiffs' motion made at the trial, and ordered judgment for the plaintiffs, from which the defendants appeal. The case is sufficiently stated in the opinion.

John H. Case, for Appellants.

Geo. A. Baxter, for Respondents.

*By the Court.*—Berry, J.—The complaint in this case alleges the partnership of the plaintiffs, but the promissory note declared on is stated to have been made payable to the *plaintiffs,* not to the plaintiffs *as partners* nor to the *firm* composed of the plaintiffs, and the *plaintiffs* are alleged to be the lawful owners and holders of the note. Under this form of pleading, the allegation of partnership may, (in accordance with the view taken in *Jaeger vs. Hartman,* 13, *Minn* 57,) be regarded as surplusage and of course unnecessary to be proved. As the making of the note and the amount paid thereon, as stated in the complaint, are admitted by the defendants, the plaintiffs were upon the pleadings entitled to the judgment which they recovered, unless some error was committed by the court below in reference to the " counter-claim," or " equity," set up by the defendant Fischer in the second branch of his separate answer.

For the purposes of this opinion it is sufficient to state that Fischer, in the second branch of his answer, claims that the plaintiffs are indebted to him, upon a contract having no connection with the note in suit, in the sum of $112.50, which he prays may be set off in payment, *pro tanto,* of the amount due

upon the note. As the note is the joint note of the defendants, Fischer's claim, not being one " in favor of a defendant and against a plaintiff between whom a *several* judgment might be had in the action," cannot be set up as a counter-claim (*Gen. St. ch.* 66, *sec.* 80,) and we do not understand his counsel to contend that it can. But Fischer's answer contains the following allegation, viz. : " that said plaintiffs are neither of them residents of this state nor within the same, but reside, as defendant is informed and believes, in the state of New York, and have not, as defendant is informed and believes, any property in this stateout of which said defendant can collect the amount of his said claim against them, nor is he able to procure service of summons upon said plaintiffs nor either of them."

The main question in the case is whether the state of facts thus set up would, if established, constitute an " equity " within the meaning of the third subdivision of *sec.* 79, *ch* 66, *Gen. Stat.*, which permits certain " equities " to be set up in an answer, and, upon proof thereof, allows the defendant such relief " as the nature of the case demands, by judgment or otherwise."

In *Barker vs. Walbridge*, 14 *Minn.* 475, it was said, "An " equity, to come within the meaning of the third subdivision " of section 79, must be one which, according to the rules " governing courts of equity under the former system, would " entitle the defendant to relief, wholly or in part, against the " liability set forth in the complaint as the basis of plaintiff's " action. The test of its sufficiency must be whether, had the " same facts been presented by a bill in chancery, would that " court have entertained the bill and granted the relief sought " here ? *Gates vs. Smith*, 2 *Minn.* 30. If such facts constitute " a cause of action at law, it must be shown that in such ac- " tion the party would not have an adequate remedy; other- " wise he is left to follow his action at law."

And in the case cited it was held that, as the answer did not disclose that the defendant could not collect the note, (upon his possession of which his alleged "equity" was founded,) by a suit upon it, he showed no "equity" within the meaning of section 79, and no ground for the exercise of equitable powers on his behalf. In other words, the rule deducible from *Barker vs. Walbridge*, as well as *Gates vs. Smith*, is that the mere fact that the defendant has a claim against the plaintiff, does not create the "equity" mentioned in sec. 79.

The case at bar is analagous to *Barker vs. Walbridge* and *Gates vs. Smith* in this, that it is not averred in the answer that plaintiffs are insolvent, so that, unless the defendant can be permitted to interpose his claim by way of set-off, he will be compelled to pay the plaintiffs and lose his own debt.

But the case at bar goes further than the cases cited in this respect, that the answer alleges the non-residence of the plaintiffs, that they have no property in this state out of which defendant can enforce his claim, and that the defendant cannot procure service of summons upon them so as to subject them to the jurisdiction of the courts of this state. Is the defendant upon this state of facts entitled to invoke the aid of a court of equity?

There are two grounds upon which this question must be answered in the negative. In the first place "courts of equity following the law, will not allow a set-off of a joint debt against a separate debt, or conversely of a separate debt against a joint debt, or, to state the proposition more generally, they will not allow a set-off of debts accruing in different rights." 2 *Story Eq. Juris.*, § 1437; *Dale vs. Cooke*, 4 *Johns. Ch.* 11; *Davis vs. Life Ins. and Trust Co.* 4 *Edward's Ch.* 308. This rule is subject to some exceptions, within none of which, however, the present case falls. 2 *Story Eq. Juris.* §§ 1437, 1437 *a*, 1437 *b*.

In the second place, there is no allegation in the answer showing that defendant Fischer has not an adequate remedy at law upon his claim against the plaintiffs. There is no allegation of plaintiffs' insolvency, and no reason to suppose that Fischer may not have a remedy at law in the courts of the state of New York, where he alleges that plaintiffs reside. And to constitute an adequate remedy at law, it is not necessary that such remedy should be attainable within the jurisdiction where the defendant resides, or where suit is brought against him. *Murray vs. Tolland,* 3 *Johns. Ch.* 576; *Tone vs. Brace,* 8, *Paige* 599.

These conclusions dispose of the case and render it unnecessary to consider the other points made by the appellants.

Judgment affirmed.