### KNITTED MATTRESS COMPANY *vs.* CHARLES A. GRIGGS & another.

Suffolk.    November 17, 1890. — May 20, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Goods sold — Delivery — Recoupment.*

In an action for goods sold and delivered, the defendants cannot recoup damages sustained by them arising from the breach of a prior agreement by the plaintiff to constitute them selling agents of a line of goods similar to those in question, and to give them "the privilege of purchasing goods on their own account at net prices less their commission of the above mentioned line of goods."

CONTRACT, for the price of goods sold and delivered by the plaintiff to the defendant.   The answer contained a general denial, and alleged, in addition, that by an agreement in writing between the parties the defendants were to be selling agents for the plaintiff for certain goods manufactured by it, and at prices fixed by it, and were " to have the privilege of purchasing goods on their own account at net prices less their commission of the

above mentioned line of goods," and the plaintiff was to pay the defendants commissions monthly on such purchases and sales; that the plaintiff broke this agreement by refusing to fill contracts made by the defendants, and to pay them their commissions, and to allow them to purchase goods on their own account; that subsequently an oral agreement was made between the parties, by which the goods were to conform in quality and weight to certain samples, and to be sold at a certain price; and that the defendants advertised the goods as conforming to the samples at a price based upon the price agreed upon with the plaintiff, and the plaintiff increased that price and reduced the weight and quality, because of which customers refused to take the goods. The defendants also filed a declaration in set-off.

Trial in the Superior Court, before *Blodgett,* J., who, after a verdict for the plaintiff, reported the case for the determination of this court, in substance as follows.

The defendants admitted the sale and delivery of the goods specified in the declaration at the prices therein mentioned, and that there was no defect in the quality of any of the goods so sold, and also admitted that they were not entitled to maintain their declaration in set-off. The goods sold were goods which the defendants were entitled to buy, and the plaintiff was bound to sell, under one of the provisions of the contract between the parties set out in the answer. The judge ruled that none of the matters alleged in the defendant's answer, other than those waived by the admission as before stated, would constitute, if proved, a defence to this action, or would entitle the defendants to any reduction of the damages claimed by the plaintiff; to which ruling the defendants excepted.

If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside and a new trial granted.

*T. E. Grover,* for the defendants.

*J. L. Thorndike,* (*Sherman Hoar* with him,) for the plaintiff.

W. ALLEN, J. The contracts of sale upon which the plaintiff declares are distinct from the contracts set up in the answer of the defendants. The answer alleges no breach of any contract on which the plaintiff sues, and no right of the defendants to damages on account of such contracts. The provision in the

contract set up in the answer, that the defendants are " to have the privilege of purchasing goods on their own account at net prices less their commission of the above mentioned line of goods," does not make sales subsequently made by the plaintiff to the defendants part of the contract, so that the defendants can recoup damages arising from the breach of the contract which have no connection with the sales against the price of goods so sold. The transactions are distinct, and the fact that by one transaction the plaintiff came under obligation to enter into the other does not make them the same. *Harrington* v. *Stratton*, 22 Pick. 510. *Sawyer* v. *Wiswell*, 9 Allen, 39. *Carey* v. *Guillow*, 105 Mass. 18. *Brighton Five Cents Savings Bank* v. *Sawyer*, 132 Mass. 185.                    *Judgment on the verdict.*