LOUIS ISENBURGER *vs.* HOTEL REYNOLDS COMPANY
& another.

SAME *vs.* SAME & others.

Suffolk.    November 19, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Where a defendant in an action at law by leave of court amends his answer by setting up a new and independent defence in recoupment, the plaintiff may file a demurrer to the amendment, although the time for filing a demurrer to the original answer has expired.

The defendant in an action on a promissory note cannot set up in recoupment of damages, that the payee has failed to perform an executory contract which was part of the consideration for the note.

TWO ACTIONS OF CONTRACT against the maker and indorsers of two promissory notes, each for $5,000, made by the Hotel Reynolds Company to its own order, and both indorsed by it and the defendant John F. Reynolds. The first note, which was payable in one year, was delivered to the plaintiff by the maker in consideration of a loan of $5,000. The second, bearing the additional indorsement of the defendant, Edward Reynolds, was given as collateral security for the first at its maturity. Writ dated October 30, 1899.

The Hotel Reynolds Company, by leave of court, amended its answer in each case by adding a count in recoupment, alleging that the loan was made in pursuance of an agreement by which the plaintiff agreed to lend it the $5,000 as long as

the defendant purchased whiskeys of him, and further agreed to sell his goods to it at the lowest market price ; that thereafter it bought goods of the plaintiff, but the plaintiff, contrary to the agreement, charged " excessive and fictitious prices," and thus fraudulently obtained money from the defendant, which it sought to recoup in this action. The defendant, Edward Reynolds, also, by leave of court, amended his answer in the action on the second note, by adding a similar count in recoupment and alleging that the giving of the original note, the giving of the collateral note, and the agreement to buy goods of the plaintiff at the lowest market price were one and the same transaction.

The plaintiff demurred to the amendments in both actions. At a hearing, before *Morton*, J., the demurrers were sustained and all the defendants submitted to judgment by default, alleging exceptions to the ruling of the single justice sustaining the demurrers.

*H. J. Jaquith*, (*C. F. Eldredge* with him,) for the defendants.
*E. R. Thayer*, for the plaintiff.

KNOWLTON, J. Each of these actions is brought to recover $5,000 and interest, the amount of a promissory note held by the plaintiff against the defendants. The defendants in each action have been permitted to amend their answer by setting up a new and independent defence in recoupment. The plaintiff, therefore, might properly file a demurrer to the amendment, notwithstanding that the time for filing a demurrer to the original answer had expired. Pub. Sts. c. 167, § 24.

The question now before us is on the demurrer in each case. It is fairly to be inferred from each demurrer that the $5,000 was lent by the plaintiff to the Hotel Reynolds Company as the consideration of the first of its notes. The second note was given as collateral security for the payment of the first. Perhaps this inference is immaterial, for the amendments to the answers allege in substance that it was a part of the consideration of the note that the plaintiff should sell liquors to the maker of the note at the lowest market price, and that the plaintiff broke his agreement by charging prices which were above the market price and excessive. The defendants seek to recoup damages for the breach of this alleged executory contract. That such a recoupment cannot be allowed in a case of this kind,

has repeatedly been decided in this Commonwealth. *Waterhouse* v. *Kendall*, 11 Cush. 128. *Traver* v. *Stevens*, 11 Cush. 167. *Stanton* v. *Maynard*, 7 Allen, 335. *Knitted Mattress Co.* v. *Griggs*, 154 Mass. 5. Although the making of such an executory contract, which is said to have been broken, was a part of the same transaction as the making of the first note, its only connection with the note was as a part of the consideration of it. If we assume that there was a sufficient consideration for the agreement to make it enforceable as a contract, the agreement was so far independent of the note that either contract could be enforced without a previous or contemporaneous performance of the other.

The defendants contend that there are equitable considerations in these cases which should take them out of the rules of the common law. The answer to this contention is, in the first place, that the answers in the cases do not purport to set up an equitable defence under the St. 1883, c. 223, § 14, but each purports to be an ordinary answer at law. *Worthington* v. *Waring*, 157 Mass. 421. Secondly, the only ground which is suggested for equitable relief is that the plaintiff is a non-resident; but in most courts, although not in all, this is not deemed a sufficient ground for allowing an equitable set-off. *Spaulding* v. *Backus*, 122 Mass. 553. *Murray* v. *Toland*, 3 Johns. Ch. 569. *Beall* v. *Brown*, 7 Md. 393. *Smith* v. *Washington Gaslight Co.* 31 Md. 12. *Birdsall* v. *Fischer*, 17 Minn. 100.

*Exceptions overruled.*