### THORN *v.* MORGAN & WHATELEY CO.

1. SALE—ACTION FOR PRICE—RECOUPMENT.

   In an action to recover the purchase price of a part of the goods sold under a contract, defendant may recoup damages for a failure seasonably to deliver the balance of the goods ordered.

2. SAME—PLEADING.

   Where defendant gave plaintiff an order for goods, and on a subsequent day canceled a portion of it, and gave a new order for goods in place of those canceled, he cannot, under a notice of recoupment referring to the original order, recover damages for a failure to deliver goods purchased under the second order.

3. SAME—DAMAGES—FAILURE TO DELIVER GOODS.

   Where a purchaser can go into the market and procure the kind of goods contracted for, the measure of damages for non-delivery is the amount over the contract price necessary to replace the goods.

4. SAME—GOODS SOLD TO BE MANUFACTURED.

   Where a seller of goods knows that they are purchased to be manufactured, and that prompt delivery is necessary to enable them to be manufactured and delivered to the trade, the buyer is entitled to recover, in case of non-delivery, if he cannot purchase them elsewhere, expenses incurred in taking orders under a *bona fide* expectation that the goods would be delivered in time to fill the orders, and prospective profits on orders actually and seasonably taken.

Error to Wayne; Donovan, J. Submitted October 21, 1903. (Docket No. 63.) Decided November 9, 1903.

*Assumpsit* by William E. Thorn, executor of the last will and testament of William T. Garner, deceased, against the Morgan & Whateley Company, for goods sold and delivered. From a judgment for defendant, plaintiff brings error. Reversed.

*Buell, Culver & Shepherd (Graves, Hatch & Millis,* of counsel), for appellant.

*Corliss, Andrus, Leete & Joslyn,* for appellee.

Hooker, C. J. The plaintiff, a wholesale dealer in New York, brought this action to recover for goods delivered under several orders made by the defendant, bearing different dates. The defendant made the defense of recoupment, based upon an alleged breach of contract in the delivery of the goods; some not having been seasonably delivered, and some not delivered at any time. Plaintiff's claim included items aggregating $1,685.53. The jury returned a verdict for $1,800 in favor of the defendant, and plaintiff has brought the case to this court by writ of error.

The notice filed with defendant's plea claims damages for a breach of two contracts,—one made on or about March 22, and the other on or about April 26, 1901. A claim is made for some goods ordered on March 22d and April 26th, which were seasonably delivered, but not for all goods ordered on these dates. The defendant proved contracts made upon both dates, and damages growing out of a nonperformance of the same, and error is assigned on the rulings that admitted evidence of such damage, and permitting a verdict therefor.

The circumstances of the transaction of March 22d, as stated by the defendant's witnesses, are as follows: It was engaged in the manufacture and sale of certain classes of garments, sold by samples, through traveling agents, from prints which it was in the habit of purchasing from the plaintiff and other dealers upon terms of payment understood by the trade and by them. On March 21, 1901, one Cruttenden, plaintiff's traveling agent, called at the defendant's place of business, and asked its manager if he wanted "to buy flannels for the fall trade," and the latter answered, "Yes, I think I do, if you have the right stuff at the right price," to which Cruttenden replied, "I think I have," and said further, "The cards [*i. e.,*

samples of cloth on cards] will not be here until tomorrow morning." The manager responded, "All right; we will think of it until then;" and added, "I have some goods in the meantime, I want you to take that order tonight" (so that it might be sent immediately), "and so he took the order of the 21st of March; and I says, 'You come in here tomorrow, and I will give you an order for the veloutines.' He did not have the cards." On the next day Cruttenden called, and an order was given for other goods. At a subsequent visit, on April 26th, Cruttenden received an order for further goods. It appears that a portion of the order of March 22d was canceled on June 14th, and a new order made for goods in place of those canceled, and that portions of both orders (March 22d and April 26th) were canceled on May 7th.

We understand that some of the items contracted for on March 22d and April 26th were delivered at once, and the price is sued for in this action, but that goods were then contracted which were not delivered seasonably, if at all. Counsel for plaintiff claim that there could be no damage as to the goods thus delivered, and that the rest are not involved in this action, and therefore defendant cannot recoup damages upon the contract of that date. This position, in the abstract, is not sound. The contracts of March 22d and April 26th are sued upon, which fact authorizes proof of damage as to all items of such contracts. The fact that items not sued upon were not due when the action was brought makes no difference, and we cannot sustain the claim that each article ordered constituted a separate contract. *Benjamin* v. *Richards,* 51 Mich. 110 (16 N. W. 255). In this connection we should allude to the transactions of May 7th and June 14th. No notice of recoupment was given as to transactions of these dates, but it is claimed that the orders were substituted for those of March 22d and April 26th; in other words, it was then agreed by the parties that items of the former dates should be canceled, and some other goods ordered. These were new and independent contracts, and the notice

does not authorize a recoupment for items ordered on these later occasions. *Knitted Mattress Co.* v. *Griggs*, 154 Mass. 5 (27 N. E. 774). It follows that testimony concerning these transactions was not admissible.

The other questions that need be considered relate to the subject of damages. The damages claimed are said to have been (1) amount over contract price necessary to replace the goods; (2) commissions paid defendant's traveling men for soliciting orders, which defendant could not fill for want of goods; (3) loss of anticipated profits on orders which defendant could not fill; (4) loss and injury to defendant's general business. The first is the common measure of damages, where one can go into the market and procure the kind of goods contracted for, and is fully adequate compensation usually in such cases. Where this cannot be done, another measure of damages is proper. It is shown in the case that many of these goods were ordered for the fall trade; that orders for garments had to be taken early, to give time for manufacture; and therefore that prompt delivery of samples and material for sample garments was indispensable. If, as claimed, the plaintiff knew and understood this, losses incurred by reason of nondelivery were recoverable, if the defendant could not have avoided such loss by purchasing goods elsewhere. Expenses incurred in taking orders under the *bona fide* expectation that the goods would be delivered in time to fill such orders would be recoverable, and prospective profits on orders actually and seasonably taken, which defendant was prevented from filling by plaintiff's failure, might be considered. It should be understood, however, that expenses incurred after it became apparent that the orders could not be filled could not be recovered, and that prospective profits, beyond the rule above stated, would be speculative, and not recoverable. We understand that counsel for defendant disavow a claim of damages for injury to defendant's general business.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.