JOHN CELI & another *vs.* THE PENNSYLVANIA FIRE INSURANCE COMPANY.

Suffolk.    November 7, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Insurance,* Fire: settlement by compromise, cancellation. *Accord and Satisfaction.*

A building insured under a policy of fire insurance in the Massachusetts standard form was damaged by fire. The owner duly filed a proof of loss, claiming an amount less than the face of the policy. The insurance company, not agreeing that the sum claimed was correct, sent the owner a draft for an amount less than that claimed, which provided that it was "in full payment and satisfaction for loss and damage" by fire on the date in question, the policy "being hereby cancelled and surrendered." Thereafter the owner collected the draft and surrendered the policy. Subsequently another fire destroyed the building. In an action against the company, the owner sought to recover the difference between what had been paid him and the face of the policy. *Held,* that

(1) The acceptance of the money paid to the plaintiff under the defendant's draft and the surrender of the policy constituted a mutual compromise and settlement of all liability of the defendant under the policy;

(2) St. 1923, c. 336, § 1, adding § 187C to G. L. c. 175, was not applicable in the circumstances;

(3) The plaintiff was not entitled to recover.

CONTRACT. Writ dated March 15, 1927.

The action was heard in the Superior Court by *Sisk,* J., without a jury, upon an agreed statement of facts, material portions of which are stated in the opinion. The judge found for the defendant and the plaintiffs alleged exceptions. The bill of exceptions recited that "if, on the foregoing facts, as a matter of law, the plaintiffs are entitled to recover, they are to have judgment for $1,368; otherwise, judgment is to be entered for the defendant."

The case was submitted on briefs.

*F. R. Walsh,* for the plaintiffs.

*W. L. Came & D. M. Came,* for the defendant.

CROSBY, J. This is an action of contract to recover $1,368, alleged to be due under two policies of fire insurance issued by the defendant.

On May 1, 1925, the defendant issued to the plaintiffs a policy of fire insurance in the Massachusetts standard form in the amount of $4,300, of which $4,000 purported to cover a frame building, and $300 a frame stable. The policy was for a term of five years from May 22, 1925, and the premium was paid. In, or about, January, 1926, the defendant issued to the plaintiffs another policy of insurance in the same form as the first, in the amount of $2,000, which purported to cover the frame dwelling described in the first policy. It was for a term of five years from January 8, 1926, and the premium was paid. Both policies were payable in case of loss to "Joseph Warren Co-operative Bank of Roxbury, Mortgagee, as interest may appear . . . ."

On October 14, 1926, the dwelling described in the policies was damaged by fire. On November 2, the plaintiffs made claim for a loss of $4,911 and filed two sworn statements as required by the terms of the policies. The defendant did not agree that the loss amounted to the sum claimed, but on December 3, delivered to the plaintiff John Celi two drafts aggregating $4,632, which provided that they were "in full payment and satisfaction for loss and damage by fire or

other casualty, occurring on or about October 14, 1926 to the property described in . . . [the above mentioned policies, said policies] being hereby cancelled and surrendered." Both policies were surrendered to the defendant either at the time of delivery of the drafts or shortly afterwards. The plaintiffs and the mortgagee indorsed the drafts, and the plaintiffs deposited them for collection and received $4,632 in full payment thereof. On January 3, 1927, another fire occurred, which destroyed the dwelling, and the plaintiffs in this action seek to recover $1,368, which is the difference between $6,000, the face of the policies, and the $4,632 previously paid under them. It is the contention of the plaintiffs that both of the policies were in force on the date of the last fire.

Under the terms of the Massachusetts standard form of policy, when a fire occurs the amount of the loss must be determined either by agreement of parties or by the award of referees or by the courts when the award by referees is waived. *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 525. The insured may also agree to a compromise with the insurer as to the amount of the loss upon terms mutually satisfactory. The record shows that the parties failed to agree as to the amount of the loss or damage resulting from the fire which occurred October 14, 1926. It does not appear that the amount was determined by referees or that a submission to them was requested. It does appear, however, that the plaintiffs claimed a loss of $4,911; that the defendant sent the plaintiffs drafts amounting to $4,632, and the policies were cancelled and surrendered. The acceptance by the plaintiffs of the drafts paid to them by the defendant and the delivery of the policies amounted to a compromise and settlement of any and all liability on the part of the defendant under the policies. *Prout* v. *Pittsfield Fire District*, 154 Mass. 450. *Kennedy* v. *Welch*, 196 Mass. 592, 596. *Mackin* v. *Dwyer*, 205 Mass. 472, 475. *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204, 206. *Tuttle* v. *Metz Co.* 229 Mass. 272. *Codman* v. *Dumaine*, 249 Mass. 451, 458.

It is not suggested that the plaintiffs were induced to enter

into the settlement and compromise by fraud or misrepresentation practised upon them. It is their contention that the right of the defendant to cancel the policies depended by their terms upon the giving of a written notice to the insured and to the mortgagee and by the tender of a ratable portion of the premiums, as provided in § 187C, added to G. L. c. 175, by St. 1923, c. 336, § 1. This statute expressly provides that it "shall not apply to nor be deemed to prevent the termination of any policy by mutual consent of the parties . . . ."

As the finding for the defendant by the trial judge was warranted, it follows that the entry must be

*Exceptions overruled.*