MARDEN-WILD CORPORATION *vs.* FRED W. DAMON.

Suffolk.     April 3, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Accord and Satisfaction. Practice, Civil,* Recoupment. *Damages,* In recoupment.

In an action of contract in a district court, it appeared that the plaintiff made a sale of oil to the defendant, who paid for it; that the oil was not of the proper quality; that the defendant, having resold the oil, was obliged to incur expense for freight in shipping part of the oil from his customers back to the plaintiff; that he claimed that he should be reimbursed for the oil returned by his customers and for such freight; that the parties had one conversation and considerable correspondence concerning the quality of the oil; that the freight was not mentioned by them therein; that they subsequently made an arrangement whereby the plaintiff replaced some of the oil with oil of a satisfactory quality; that thereafter the defendant then made no claim for freight; and that he later bought more oil from the plaintiff and paid the plaintiff the purchase price thereof less the amount he previously had claimed for freight. The action was for the balance of such purchase price. The defendant sought to recoup damages for the inferior quality of the oil in the previous sale. The trial judge found that the parties' correspondence and conduct constituted an accord and satisfaction and found for the plaintiff. A report to an appellate division was ordered dismissed. Upon appeal, it was *held,* that

(1) The question, whether there was an accord and satisfaction, was one of fact; and the judge's finding was warranted;

(2) The defendant was not entitled to recoup damages because his claim therefor arose out of a separate transaction, the previous sale, from that upon which the plaintiff's cause of action was founded;

(3) The order dismissing the report was affirmed.

CONTRACT upon an account annexed for the balance due for goods sold to the defendant in December, 1926. Writ in the Municipal Court of the City of Boston dated January 20, 1927.

The pleadings and material evidence at the trial in the Municipal Court are described in the opinion. The defendant's third, fourth, fifth, sixth and seventh requests for

rulings were substantially to the effect that there was no accord and satisfaction. His eighth request was as follows: "8. That in an action of contract to recover for breach of the warranty of quality in a sale to a buyer, who is a dealer in the article purchased and is known as such to the seller, the buyer is entitled to recover as elements of his damages, expenses which he has been put to for freight charges and cartage on the goods from the buyer to his customers and from his customers to him as a result of the fact that the goods were not of the quality they were warranted to be." These rulings were refused by the judge, who found for the plaintiff in the sum of $447.37. A report to the Appellate Division was ordered dismissed. The defendant appealed.

*M. B. Lynch*, for the defendant.

*W. M. Bundy*, for the plaintiff.

CROSBY, J. This is an action to recover an alleged balance of account. The defendant's answer is a general denial, payment, accord and satisfaction and recoupment. The defendant contends that he has a counter claim against the plaintiff arising out of a breach of warranty of a previous contract with it. Besides the answer in recoupment, the defendant brought an action of contract against the plaintiff to recover upon the alleged breach of contract. Both actions were tried together. The court found for the plaintiff in the present action and for the defendant in the cross action.

There was evidence that both parties were dealers in tanners' oils. On May 24, 1926, the defendant purchased from the plaintiff one hundred fifty barrels of Cod Moellon Oil and paid for the same. The oil was to be of the same quality as that previously purchased by the defendant from the plaintiff. There was evidence that the oil was not of that quality; that most of it was sold to customers who were dissatisfied with its quality and returned it to the defendant. Thereafter the defendant claimed that he should be reimbursed by the plaintiff for the oil so sold by him, and for the freight charges incurred in shipping the oil from his customers back to the plaintiff. The plaintiff disputed the defendant's claim that the oil was of inferior quality. There

was but one conversation between the parties respecting the quality of the oil and the trial judge found that the question of freight charges never was discussed orally between the defendant and any of the plaintiff's officers or representatives; that there was considerable correspondence between the parties relative to the quality of the oil; that an arrangement was arrived at in accordance with which the plaintiff replaced one hundred thirteen barrels of oil with other oil which proved satisfactory. The trial judge further found that thereafter no claim was made by the defendant for any freight charges. On December 9, 1926, the defendant bought from the plaintiff seventy-five barrels of Cod Moellon Oil. On December 20 the defendant paid the amount due for this purchase less $447.57, which is the amount the defendant claims due him on account of freight charges above referred to. The trial judge found and ruled that the correspondence between the parties together with their subsequent conduct constituted an accord and satisfaction and that there was due the plaintiff the sum of $447.37.

The question whether there was an accord and satisfaction was one of fact. *Alden* v. *Thurber*, 149 Mass. 271. *Worcester Color Co.* v. *Harry Wood's Sons Co.* 209 Mass. 105, 110. Upon the evidence, all of which is reported so far as material, and the reasonable inferences to be drawn therefrom, the finding that there was an accord and satisfaction was not unwarranted. The defendant's requests three to eight, both inclusive, could not properly have been given in view of the facts found.

It is plain that the defendant was not entitled to prevail upon his answer in recoupment. It is indispensable to the allowance of the remedy of recoupment that the damages sought to be recouped should grow out of the same contract or transaction as that on which the plaintiff relies to maintain his action. The damages which the defendant seeks to recoup in the present action arise from an entirely independent transaction from that upon which the plaintiff's cause of action is founded. It is manifest that in these circumstances the doctrine of recoupment is not applicable. *Sawyer* v. *Wiswell*, 9 Allen, 39, 42. *Knitted Mattress Co.* v.

*Griggs*, 154 Mass. 5. *Isenburger* v. *Hotel Reynolds Co.* 177 Mass. 455. *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158. *Western Newspaper Union* v. *Dittemore*, 264 Mass. 74, 78.

*Order dismissing report affirmed.*