Bolster, C. J.
After a new trial had been ordered by this division, [1936 A. D. R. 114], the plaintiff filed a discontinuance of the action, without leave of court. On motion of the defendant, that discontinuance was stricken from the record.* That order alone is reported. No rulings were asked or made in connection with it. The report says noth *259 ing about tbe reasons which led to that action by the court. If, assuming the order reportable or reviewable at all, the judge had any discretion in the matter, his action must be deemed a proper exercise of that discretion. All that is left is the naked question of power.
If the plaintiff had an unqualified right to discontinue, this case went to judgment before the motion to strike was filed. Shawmut Commercial Paper Co. v. Cram, 212 Mass. 108, Alpert v. Mercury Publishing Co., 272 Mass. 39. Apart from the pendency of a claim in set-off, the plaintiff’s right to discontinue would seem clear. Derick v. Taylor, 171 Mass. 444. The question therefore is whether the defendant’s answer can be read as a declaration in set-off under the statute. If it was such, a joinder of issue was required. Gen. Laws, Ch. 232, sec. 8. So far as concerns the pleadings, the distinction between set-off and recoupment is perfectly clear. Tegelaar Bros. Inc. v. Hanflig, 286 Mass. 363. As an answer in recoupment, the one in this case is bad. The fact that the defendant asks to be allowed to recoup against the plaintiff’s claim a cross-claim arising out of other contracts does not change the law of recoupment. It merely asks the impossible. It is a claim in set-off or it is nothing. It was plainly demurrable, but the parties went to trial on it with all its defects. The court, even after finding, could have allowed amendments correcting the errors in pleading, and then, if the balance worked out that way, have awarded the defendant judgment and execution. The vital allegation in this part of the answer is that the plaintiff owes the defendant $850. The defendant’s blunder as to the use to which that debt could be put, if found due, should not compel the court, to say that this is not a claim in set-off, although amendment and joinder were and still are necessary. In the Tegelaar case, cited above, what was called a declaration in set-off, upon which there had been an affirmative finding for the plaintiff in set-off, was held to *260 amount only to matter in recoupment. In the present case, that is called recoupment which cannot in law be used as such. Knitted Mattress Co. v. Griggs, 154 Mass. 5, Marden-Wild Corp. v. Damon, 271 Mass. 401.
We think the judge was right in holding that because there was in reality a cross-claim available as a set-off, discontinuance by the plaintiff was not a matter of right.
Report dismissed.

 By Putnam, S. J.