Zottoli, J.
This is an action of contract in which the plaintiffs seek to recover the sum of $488.79 for money had and received. The defendant’s answer is a general denial and a further averment that prior to the date of this action, “the plaintiffs and the defendant had an accord and satisfaction whereby the defendant now owes the plaintiffs nothing.” The record shows that the writ is dated February 21, 1936 and that there was a general finding for the defendant. There was evidence that the plaintiffs engaged the defendant as its travelling salesman.
*261 The testimony relating to the terms of the engagement was highly conflicting. The plaintiffs’ evidence tended to show that the money sued for represented “advancements in anticipation of future sales” — “in anticipation of commissions to be earned by him (the defendant) on future sales of their merchandise”; “that the defendant never earned these commissions”; that one of the plaintiffs thereafter “saw the defendant daily and made numerous requests upon him to return the money advanced to him in anticipation of commissions which he never earned,” and that after numerous promises by him to pay the same, which he never fulfilled, the plaintiffs brought suit; that the parties agreed on a “compromise settlement,” of that suit and therefore the plaintiffs allowed said suit to be non-suited; that subsequently, “the defendant failed to carry out the promises of the compromise and thereafter, on December 30, 1935, a new compromise agreement was drawn up between the parties”; and that the defendant failed to carry out the promises of this last agreement— and as a consequence, the plaintiffs brought this suit to recover the original sum due. The defendant’s evidence tended to prove “that he was first employed — on a seven per cent commission basis”; that he was privileged to sell raincoats on his own account at first, but later — “the plaintiffs insisted that he sell their merchandise only”; that “he agreed to do so on condition that he receive $25 weekly salary in addition to his commission”; that “three months after he commenced working for them, they agreed to pay him $25.00 weekly; that thereafter he sold their merchandise exclusively and that the sum of money he is now being sued for represents the unpaid salaries which he failed to receive each week from the plaintiffs”; that “he signed an accord and satisfaction agreement which was introduced, marked “Exhibit A,” on December 30, 1935, in which he agreed to pay the plaintiffs the sum of $100.00 in *262 full settlement of this claim, and that $25.00 was paid by him to the plaintiffs on account of the same; that the plaintiffs on numerous occasions demanded from him the balance due but that he was unable to pay because of business conditions”; that “he owed the plaintiffs nothing and that no suit was brought or claim made until he started in business for himself.” The so-called compromise agreement was “introduced in evidence, marked Exhibit A” and reads as follows:—
“December 30, 1935: — I, Isadore Sidman, agree with Sidney Sherman and Morton Sadwin that I am to pay them $100.00 in full settlement of their claim against me, the amount of which is greatly in dispute, and on account of which they brought suit against me some time ago in the Boston Municipal Court. I am to pay them that amount of money in installments from time to time as I have the necessary money. I claim that I owe them nothing, but I am willing to pay them $100.00 in order to avoid litigation, and the expenses and troubles connected with it. On account of the amount agreed upon and for which this matter is to be settled I am paying this day $25.00.
Signed by all the parties this 30th day of December, 1935.
Witnessed by ' (signed) I. Sidman
J. Randell. (signed) Morton Sadwin.”
The plaintiff duly filed eight requests for rulings. The court’s treatment of all of these requests is not specifically considered because some have neither been argued or briefed and are therefore considered waived. Guinan v. Famous Players Lasky Corporation, 267 Mass. 501, 519, 521. What the plaintiffs now argue is that (1) “the terms of ‘Exhibit A’ are not definite; there was no meeting of the minds on essential provisions” — “and therefore, ‘Exhibit A’ must fail as an agreement between the parties and as a defense to this action”; and (2) “if it is assumed that this instrument could be construed as an accord, then it *263 could not be used in defense of this action because it has been held in this Commonwealth that an accord without satisfaction is no defense to the original claim.” Neither of these contentions are sound. The short answer to the first contention is that the evidence warrants a finding that the parties compromised a doubtful claim and reduced their agreement to writing. Such an agreement is valid whether it be verbal or in writing. Barlow et al. v. Ocean Ins. Co., 4 Met. 270, Celi v. Pa. Fire Ins. Co., 269 Mass. 225, 227, Marden-Wilde Corp. v. Damon, 271 Mass. 401, Kelley v. Kelley, 272 Mass. 515, 522, 523, Segal v. Allied Mutuals Liabilty Ins. Co., 285 Mass. 106, 110. We see nothing ambiguous in the agreement signed by the parties and marked ‘ ‘ Exhibit A. ” To be sure, the plaintiffs may have been improvident in accepting the term of the agreement whereby the defendant agreed to pay the plaintiffs the sum agreed upon “in installments from time to time as” — (he had) — • “the necessary money”; but parties have a right to make such an agreement and courts are bound to recognize the imperative principle well stated in the case of Hatch v. United States Casualty Company, 197 Mass. 101 at page 105, “that parties have the right to make their own contracts and, in the absence of fraud or some other legal reason justifying repudiation or breach, must be held bound by them. ’ ’ cf. Lait v. Sears, 226 Mass. 119, 125.
As to the plaintiffs’ contention that at best this is an accord unsatisfied and therefore not binding, it is true; as was pointed out in the case of Segal v. Allied Mutuals Liability Ins. Co., No. 304979 Municipal Court, City of Boston, 37 App. Div. 129 at page 131; that “in rather ancient times there was some support for that doctrine,—3 Williston, Contracts, Sections 1838-1848 but the law today is tha/t an accord based on a valid consideration, will ground an action for its breach. Hunt v. Brown, 146 Mass. 253, White *264 Sewing Machine Co. v. Morrison, 232 Mass. 387, Blount v. Wheeler, 199 Mass. 330. The rule, correctly stated, is that one who has entered into an accord, and failed to satisfy it, cannot, in some instances, set it up in defense to the original claim. 2 Restatement of Law of Contracts, Sections 417-421. cf. Lait v. Sears, 226 Mass. 119.” But parties may substitute a new agreement for a controversial claim and bound their rights by the terms of the new agreement. cf. Tuttle v. Metz Co., 229 Mass. 272. Rogers v. Rogers, 139 Mass. 440, 444. When they thus agree there is no sound reason why a party thereto, who has kept the agreement, should not be permitted to show in defense to the original claim that he has complied with the terms of the new agreement. Indeed, once such an agreement is proved, the burden of proof is on the plaintiff to prove its breach. In short, the evidence warrants a finding that the accord itself, and not its performance, was accepted by the plaintiffs in extinction of their disputed claim, and that the defendant, so far as appears, kept his part of the accord. This was all that the law required of the defendant.
Report dismissed.