Pettingell, J.
Action of contract to recover for gravel sold. The defence mainly relied upon is recoupment. There was a finding for the plaintiffs. The error assigned is the *129 denial of several rulings requested by the defendants but at the oral argument the defendants argued only three of these requests, counsel stating that all other claims of error are waived. The requests, the denial of which constitute the error upon which the defendants now rely, are as follows:
3. On all the evidence on Count 1, the defendants are entitled to recoup from the plaintiffs’ claim for the difference in the contract price and the price the defendants were obliged to pay for the gravel taken from the land of James J. Welch trustee, through the error of the plaintiffs setting forth wrongful boundaries of their land.
4. On all the evidence on Count 1, the defendants are entitled to recoup from the plaintiffs’ claim for the costs of a bond which was necessary to release attachment on suit of James J. Welch, trustee for damages for gravel taken from the land of said Welch by the defendants, said gravel being taken through error of the plaintiffs in wrongfully setting forth the boundaries of their land.
5. The defendants are entitled to recoup from the claim of the plaintiffs for judgment rendered against the defendants in favor of James J. Welch trustee, for conversion of gravel taken by the defendants through the error of the plaintiffs setting forth boundaries of their land whereby the defendants relying on the boundaries set forth by the plaintiffs dug gravel from the land of James J. Welch trustee.
The facts, as disclosed by the report, are that the plaintiffs agreed to sell to the defendants “gravel fill” on a designated lot for “8^ a yard,” and that a surveyor, employed by the plaintiffs, wrongly marked out the lot, causing the defendants, guided by the surveyor’s stakes, to remove gravel from land of an adjoining owner. As a result of this trespass, the defendants were sued and a judgment was recovered which the defendants paid; they were put to other expense, also, all of which they contend is a proper subject of recoupment.
*130 The evidence in the report shows that the defendants removed 966 cubic yards from the land of the adjoining owner and 7405 cubic yards from the land of the plaintiffs. The instant action is to recover the contract price for the 7405 cubic yards taken from the plaintiffs’ land; the plaintiffs do not in this action seek any recovery for the 966 cubic yards taken from the adjoining land.
The first issue is whether the defendants have any claim against the plaintiffs.
The defendants contend that the plaintiffs were negligent in marking out the lot. The trial judge could have found from the evidence in the report that the male plaintiff pointed out the boundary lines to the surveyor who placed his stakes accordingly. The placing of the stakes under these circumstances was not the work of an independent contractor, for whose negligence the plaintiffs are not liable, as the plaintiffs contend, but was the work of the male plaintiff. The surveyor in placing the stakes had no discretion and no control over the situation; he placed the stakes at the points selected by the plaintiff. “The question is determined mainly by ascertaining from the contract of employment whether the employer retains the power of directing and controlling the work, or has given it to the contractor.” Forsyth v. Hooper, 11 Allen 419, at 421, 422; Hardaker’s Case, 274 Mass. 7. For a case in which the owner of land was held liable for the negligence of its employees in providing incorrect “plans, lines, stakes, or directions” for work to be done, see New York Central &c R. R. v. T. Stuart & Son. Co., 260 Mass. 242, at 249, 250. The defendants in this case, having been misled by the plaintiffs’ error in marking their boundary lines, and for that reason, having been put to expense because of their trespass upon the land of another, have a cause of action which they can maintain against the plaintiffs.
*131 “If, by any act of his, the actor intentionally causes a third person to enter land, he is as fully liable as though he himself enters. Thus, if the actor has commanded or requested a third person to enter land in the possession of another, the actor is responsible for the third person’s entry, if it be a trespass. This is an application of the general principle that one who intentionally causes another to do an act is under the same liability as though he himself does the act in question.” Am. Inst. Restatement, Torts, Intentional Harms, §158, comment i.
“In trespass all are principals, and all are liable severally as well as jointly. Suppose, therefore, it is shown that Parker took the plaintiff’s goods wrongfully ; is it less a wrongful act on his part, * * * that he did the unlawful act at the instance of another person, who would also be a trespasser by the doing of the same act?” City of Lowell v. Parker, 10 Met. 309, at 314.
“If a person, representing that he has a power of disposition of land or chattels, has sold or leased them to another who relied upon such representation and thereby subjected both to liability in tort to a person entitled to the land or chattels, he is under a duty of indemnity to the other for expenditures properly made in the discharge of such liability.” Am. Law Inst. Restatement, Restitution, §91.
See also, Jacobs v. Pollard, 10 Cush. 287, at 290; Simpson v. Mercer, 144 Mass. 413, at 414.
The next issue is whether the defendants, having a valid claim against the plaintiffs, can use it for recoupment in this action. Such a claim, to be the subject of recoupment, must be something which 1 i shall have arisen from the same subject matter, or sprung out of the same contract or transaction as that on which the plaintiff relies to maintain his action.” Sawyer v. Wiswell, 9 Allen 39, at 42. It cannot be something founded upon an independent and distinct contract or transaction. Home Savings Bank v. Boston, 131 Mass. 277, at 280; Western Newspaper Union v. Dittemore, *132 264 Mass. 74, at 78; Marden-Wild Corp. v. Damon, 271 Mass. 401 at 403.
The contract on which the plaintiffs sue is not an entire contract in the sense that it is a contract to sell something for an. entire price, or to sell all of a certain thing, but is in the classification of those contracts in which, although the contract is entire, the performance is divisible, Knight v. The New England Worsted Co., 2 Cush. 271, at 290. But although it is thus divisible in performance, and an action may lie for each separate breach of it, Badger v. Titcomb, 15 Pick. 409, at 415; Perry v. Harrington, 2 Met. 368, at 370; McLaughlin v. Leverbaum, 248 Mass. 170 at 175; the basis of the present action is the original contract which determines the rights of the parties; the action is for the price stated in the contract to be paid for gravel fill to be taken by the defendants in accordance with the contract, Both the action and the defendants’ right of indemnity “are sprung out of the same contract or transaction”. The plaintiffs ’ right depends upon a breach of it by the defendants in not paying for what they took under the contract; the defendants’ right is based upon a breach of it by the plaintiffs in negligently performing it.
The fact that the plaintiffs seek, under the contract, recovery for only a part of the gravel taken by the defendants under the contract, and the further fact that the part sued for does not include the gravel taken from the adjoining lot, under the contract, does not make the plaintiffs’ action any the less based upon the contract out of which the defendant’s right of action has sprung.
We are therefore of opinion that the case falls within the principle of such cases as, Stacy v. Kemp, 97 Mass. 166, at 168; Campbell v. Somerville, 114 Mass. 334, at 336, 337; Davis v. Bean, 114 Mass. 358, at 359; Wentworth v. Dows, 117 Mass. 14, at 15; and. not within, that of Bartlett v.. Far *133 rington, 120 Mass. 284, at 285; Home Savings Bank v. Boston, 131 Mass. 277, at 280; Knitted Mattress Co. v. Griggs, 154 Mass. 5, at 6, 7; Isenburger v. Hotel Reynolds Co., 177 Mass. 455, at 456, 457; Barlow Manufacturing Co. v. Stone 200 Mass. 158, at 160, 161; Marden Wild Corp. v. Damon, 271 Mass. 401, at 403; Holton v. American Pastry Products Co., 274 Mass. 268, at 274; Potier v. A. W. Perry Co. Inc., 286 Mass. 602, at 607-609; and that both the plaintiffs’ cause of action and the defendants ’ claim for reimbursement arise from the same subject matter or transaction.
The defendants requested three rulings dealing with recoupment. The request numbered 3, that
3. On all the evidence on Count 1, the defendants are entitled to recoup from the plaintiff’s claim for the difference in the contract price and the price the defendants were obliged to pay for the gravel taken from the land of James J. Welch trustee, through the error of the plaintiff setting forth wrongful boundaries of their land.
should,have been given. “The defendants were entitled to reimbursement for the net outlay reasonably expended by them.” Am. Law Inst. Restatement Restitution, Section 80, Note a. Inhabitants of Lowell v. Boston & Lowell Railroad Corp., 23 Pick. 24, at 35; Inhabitants of Milford v. Holbrook, 9 Allen 17, at 23; Gray v. Boston Gas Light Co., 114 Mass. 149, at 154; Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, at 236, 237.
The plaintiffs contend that the situation is materially affected by the fact that it does not appear that the defendants ever notified the plaintiffs of Welch’s action against the defendants, or that the plaintiffs were ever requested to defend that action or given an opportunity to do sol Upon the evidence reported, the judge could have so found.
Where proper notice of an action is given by a defendant to one ultimately liable and that person fails to come in *134 and defend, or does come in and defend, as to him any judgment recovered is res judicata, but if payment of a judgment is made by a party after a suit of which the other had no knowledge, the judgment against the payor is not res judicata between him and the other party as to the validity or amount of the claim in the absence of a reasonable defence. Am. Law Inst. Restatement, Restitution, §81 h. “If due notice is given to such person, the judgment if obtained without fraud or collusion, will be conclusive against him whether he has appeared or not. ’ ’ City of Boston v. Worthingtan, 10 Gray 496, at 499; Richmond v. Ames, 164 Mass. 467, at 475; New York Central R. R. v. Culkeen, 249 Mass. 71, at 77.
■ But even if notice was not given the defendant to come in and defend, the plaintiffs’ right to recover is not defeated. The judgment recovered by him is not res judicata, but he is still entitled to recover whatever he can legitimately prove. It has been held that where notice is not given the plaintiff cannot recover the costs of suit incurred in the earlier action although there may be recovery “so far as they have suffered a loss by the fault of the defendant’s servants”. Lowell v. Boston & Lowell R. R. Corp., 23 Pick. 24, at 35; Proprietors of Locks & Canals v. Lowell Horse Railroad Corp., 109 Mass. 221, at 225. An application of this principle makes the denials of the defendants’ 4th and 5th requested rulings proper, if no notice was given to the plaintiffs to defend the action begun by Welch against the defendants. In any event, however, the defendant would be entitled to recover at least the amount stated in the third request.
The defendants’ 3d request, therefore, correctly stated' a principle of law applicable to one possible state of facts. Ko explanation was given of its denial and no facts were-found. Its refusal under such circumstances, was error,, *135 Chandler v. Baker, 191 Mass. 579, at 585; Kaufman v. Sydeman, 251 Mass. 210, at 217; Rooney v. Porter-Milton Ice Co., 275 Mass. 254, at 257; Russell v. Foley, 278 Mass. 145, at 148, 149; Commercial Credit Corp. v. Flowers, 282 Mass. 316, at 321, 322.
The finding for the plaintiff is to be vacated and the case is to stand for a new trial, limited to the issue of the amount which the defendants are entitled to recoup against the plaintiffs ’ claim.