Sullivan, J.
Action of tort for the conversion of an automobile sold to the plaintiff by the defendants and repossessed by them. The answer is a general denial, an allegation that the plaintiff secured possession of the automobile through fraud, and was not at any time entitled to the lawful title of it; that the plaintiff and the defendants made an oral contract for the purchase by the plaintiff and the sale by the defendants of the automobile in question, title of said automobile not to pass to the plaintiff until the full purchase price of the automobile had been paid; that one term of the agreement was a promise by the plaintiff to sell and deliver another automobile to the defendants, and pay the defendants $100 and $10.00 a week for seven weeks, that the plaintiff executed and delivered a bill of sale of the automobile he was to sell to the defendants, and was credited with $25 by the defendants, but never delivered the automobile, having disposed of it otherwise ; that because of the plaintiff’s failure in this respect the defendants retook the automobile they had sold the plaintiff ; that the plaintiff had so misused the automobile that the defendants were caused great damage for which they ask to be allowed recoupment.
At the conclusion of the trial the defendants filed the following requests for rulings: 1. The plaintiff cannot maintain this action unless he proves that at the time of the alleged conversion he was either the owner or entitled to possession of the 1936 Ford. 2. The plaintiff was not entitled to the possession of the 1936 Ford automobile because he had failed to carry out his part of the agreement in that he had failed to deliver to the defendants his 1931 Pontiac Coach and which was part of the consideration he was to pay to secure possession of the said 1936 Ford. 3. The *409 plaintiff was not entitled to the title of the 1936 Ford automobile because he had failed to carry out his part of the agreement in that he had failed to deliver to the defendants his 1931 Pontiac Coach and which was part of the consideration he was to pay to secure title to the said Ford. 4. If the plaintiff is entitled to recover any damages in this action then his damages are limited to the difference between what was the market value of the 1936 Ford automobile at the time it was taken or reclaimed by the defendants and the amount of money the plaintiff then owed the defendants. 5. If the plaintiff is entitled to recover any damages in this action then his damages are limited to the difference between what was the market value of the 1936 Ford automobile at the time it was taken or reclaimed by the defendants, less the sum of $70.00 due on account of its purchase price and less the market value of the 1931 Pontiac Coach on January 29th, 1942.
The trial judge made the following finding of facts :
“On or about January 29, 1942, the defendants, doing business as County Bridge Garage and Motor Sales, in Haverhill in said County of Essex, agreed to sell to the plaintiff one 1936 Ford Fourdoor Trunk Sedan for $195.00. The plaintiff agreed to pay the purchase price as follows: trade in one 1931 Pontiac automobile at $25.00; make a down payment of $100.00 and the balance in seven weekly payments of ten dollars each. Later the plaintiff informed the defendants that it would be impossible for him to trade the Pontiac. The defendants then agreed that they would receive $100.00 down payment, deliver the Ford sedan and take the balance of $95.00 in weekly payments of $10.00 each. The plaintiff made the down payment of $100.00 and the defendants delivered to him the said Ford sedan. There was no agreement expressed or implied that title to the Ford car was to remain in the defendants until the balance *410 of the purchase price was paid. About three weeks thereafter, the plaintiff having failed to make his weekly payments, the defendants took said Ford Sedan from the plaintiff’s premises and later disposed of it to another party. ’ ’
He then found “that the defendants converted to their own use one 1936 Fourdoor Trunk Sedan, the property of the plaintiff,” and found for the plaintiff assessing damages in the sum of $195.00.
The only allegation of error by the defendants is the denial of their five requests for ruling. They represent the only issues before this division. The defendants’ brief, however, deliberately argues other matters which, in its own language, “are not included in the report.” If such issues are not in the-report, they are not before this division and it is highly improper to argue them. We do not deal with them, therefore, but we feel it a duty,, nevertheless, to say that the arguments raised are a wholly inexcusable attempt to besmirch a record of which the issues raised are no part and display either a gross ignorance of Appellate Division practice or represent a bitter, malicious, attitude toward the trial judge. Abuse of discretion can be properly presented for consideration, but mere abuse of the trial court is not a proper or profitable way to establish error.
The five requests for rulings filed by the defendants are all abstract statements of the law.
The first is that the plaintiff cannot maintain his action unless he proves that at the time of the conversion he was. either the owner of the automobile or entitled to possession of it; the second, that the plaintiff was not entitled to possession because he had failed to carry out his part of the agreement to deliver the 1931 Pontiac Coach; the third, that the. plaintiff was not entitled to title of the automobile for *411 the same reason; the fourth, that the plaintiff if entitled to damages, was entitled only to the difference between the value of the automobile converted and what the plaintiff owed for it; and fifth, a restatement of the contention raised by the fourth request.
All of these rulings requested were rendered immaterial and inapplicable by the facts found by the trial judge and were for that reason properly denied. He found that the original oral agreement was modified by a later agreement which substituted in place of the oral agreement to deliver the 1931 Pontiac, a different financial arrangement, that there was no express or implied agreement that title to the Ford car was to remain in the defendants until paid for.
The findings of fact dispose definitely of the first three rulings requested. Jones vs. Clark, 272 Mass. 146, 149. White vs. Beacon Trust Co., 277 Mass. 75, 81. Cameron vs. Buckley, 299 Mass. 432, 434.
The fourth and fifth requested rulings raise the issue of the proper rule of damages. The rulings express properly the amount the plaintiff is entitled to recover, the value of the automobile at the time of conversion, but attempt to cut that amount down by the amount claimed by the defendants to be due from the plaintiff. The defendants base their right to this deduction on recoupment pleaded as a part of their answer. An examination of this pleading, however, disclosed that whatever the defendants intended to do by that pleading, they failed absolutely to achieve.
One of the fundamentals of recoupment is that the sum sought to be recouped must grow out of the same transaction. The plaintiff sues for a conversion; the defendants seek to recoup for an unliquidated amount of damages growing out of the plaintiff’s misuse of the automobile converted, and an unstated debt incurred before the conversion. Neither of these claims was a part of the same transaction as the conversion. Isenburger vs. Hotel Reynolds Co., 177 *412 Mass. 455, 456, 457. Barlow Manufacturing Co. vs. Stone, 200 Mass. 158, 160, 161.
The damages sought to be recouped must be liquidated. Tegelaar Bros., Inc. vs. Hanflig, 286 Mass. 363, 366, 367.
In this case the damages claimed were not only not liquidated but were not even certainly stated, and do not appear in the report to have been testified to. The report is so incomplete that it does not state when the conversion took place, what amount, if anything, was unpaid on the plaintiff’s contract, or what the amount of damage claimed was.
In any event, the finding that the defendant converted the plaintiff’s automobile and that the damage to the plaintiff was $195.00, was on the pleadings a final answer to the defendants’ claim as pleaded. If the car was the plaintiff’s the defendants could not on the form of pleadings recover for the plaintiff’s use or misuse of it. Although claim is made in the pleadings for a balance of the purchase price unpaid by the defendants, it does not grow out of the conversion and was not recoverable in this action.
No prejudicial error appearing, the report is to be dismissed.