### Henry Y. Gilson vs. Thomas Blanchard.

The defendant, being owner of a patented machine for turning irregular forms, agreed with the plaintiff and several other persons who held licenses to use the same upon payment of a specified sum for each article turned by them, that, if they would contribute and pay over the sum of eight hundred dollars, whenever a law should be passed by congress prohibiting the importation of articles manufactured in the British provinces by American patented machines, then he would not increase the number of persons authorized to use his machines within the territory covered by their licenses. In order to aid in procuring the passage of the contemplated law, the plaintiff and the other persons named paid the eight hundred dollars in advance; but the law was never passed. The defendant afterwards granted other licenses to use his machines within the territory. *Held*, that the passage of the contemplated law was a condition precedent to the plaintiff's right to recover.

Contract on the following agreement:

" Whereas I, Thomas Blanchard of Boston, in the Commonwealth of Massachusetts, am the inventor and patentee of a certain machine for turning and cutting irregular forms, and have under a renewal of said patent licensed certain parties to use and run a certain number of said machines within the states of Maine, New Hampshire, Rhode Island, and that part of Massachusetts which lies east of Connecticut River, for the purpose of turning shoe-lasts and boot-trees, in consideration of certain payments to be made by the said licensees to me; and whereas great advantages will accrue to all parties from the passage of a law by congress prohibiting the importation of articles manufactured in the British provinces by American patented machines:

" Now therefore, I, the said Thomas Blanchard, do hereby agree to and with the said licensees, to wit, Collins Stevens, Samuel Cox and Sons, Henry Y. Gilson, Charles Brown, A. H. Goodwin, Chandler Sprague and John Armstrong, respectively, that if they, the said licensees, shall together contribute and pay over to James M. Quimby the sum of eight hundred dollars, whenever such a law shall be passed by congress and ratified by the president, then I will not increase the number of persons or firms authorized to manufacture lasts within the territory aforesaid during the continuance of the said patent right,

provided the said licensees now licensed shall supply all the lasts wanted in the said territory above described. Witness my hand, December 1, 1851. "Thomas Blanchard.

"Samuel Cox and Sons, } *For ourselves and the other Licen-*
"Collins Stevens, } *sees above named.*"

At the trial in the superior court, before *Lord*, J., it appeared that, before making the above agreement, the defendant had licensed the plaintiff and the other persons named therein to use his patented machines for the purpose of turning or making lasts and boot-trees, for a certain sum to be paid for each article so made or turned; and that, while the plaintiff and the other persons named were acting under their several licenses, the above agreement was made; and the plaintiff offered to show that he and the other persons named accepted the terms thereof, and that they accordingly, at the defendant's request, paid to Quimby the sum of eight hundred dollars in advance, in order to enable him to prosecute his efforts to procure the passage of the contemplated law. It was admitted, however, that no such law has ever been passed.

The plaintiff further offered to show that he and the other persons named have been ready to supply all the lasts wanted in the territory described in the agreement; but that the defendant, after the payment of the eight hundred dollars, licensed other persons to use his machines and manufacture lasts therein, who acted under their licenses, and thus deprived the plaintiff of large profits which he would otherwise have received.

The presiding judge ruled that, if these facts were proved, the plaintiff would not be entitled to maintain his action, because the passage of the contemplated law by congress was a condition precedent to any obligation upon the defendant not to increase the number of his licensees; and a verdict was returned for the defendant. The plaintiff alleged exceptions.

*I. W. Richardson*, for the plaintiff.

*H. F. Durant & L. Shaw, Jr.*, for the defendant.

CHAPMAN, J. By a fair interpretation of the language of the contract, the passage of the proposed act and its ratification by the president are made conditions precedent to the obliga-

tion of the defendant. The words, " Then I will not increase " &c. refer to these events as well as to the payment of the money.

A reference to the apparent object of the parties confirms this view. The patent law protected Mr. Blanchard's machine, but not its products ; and lasts made upon similar machines in the British provinces were sold in market, in competition with those made by his licensees, and without the payment of any royalty. All the parties were interested to obtain protection against such competition by an amendment of the patent laws ; and, as an inducement to the licensees to contribute towards the expense of an effort to procure the amendment, Mr. Blanchard agreed that, if they would contribute the sum stipulated, he would, in case they succeeded, give to them the monopoly of supplying the market within the limits of their licenses. But he carefully guarded against putting the control of the matter out of his own hands in case they should not succeed.

*Exceptions overruled.*