MINNIE E. SPEAR *vs.* CHESTER F. HARDON & trustee.

Suffolk.    March 11, 1913. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Municipal Court of the City of Boston,* Appellate Division. *Practice, Civil,* Appeal. *Contract,* In writing. *Evidence,* Extrinsic affecting writings. *Landlord and Tenant.*

On an appeal to this court from a decision of the Appellate Division of the Municipal Court of the City of Boston under St. 1912, c. 649, §§ 8, 9, the decision appealed from should be set forth in the form in which it was entered.

On an appeal to this court from a decision of the Appellate Division of the Municipal Court of the City of Boston under St. 1912, c. 649, §§ 8, 9, if there was an opinion stating the reasons for the decision, this should not be printed, not being a part of the record.

On an appeal to this court from a decision of the Appellate Division of the Municipal Court of the City of Boston under St. 1912, c. 649, §§ 8, 9, where no question of practice is raised, only the report to the Appellate Division, the decision thereon and the appeal to this court, with the dates of filing and an attestation by the clerk, need be printed. When a question of practice is raised, enough of the record of the Municipal Court should be printed to show clearly the point presented.

In an action of contract upon a covenant in a lease in writing to recover rent for an apartment at the rate of $45 a month in accordance with the terms of the lease, the defendant cannot be allowed to show that when the lease was made the plaintiff proposed to let the premises to the defendant in their existing condition for $42 a month, and then orally agreed to build a veranda in consideration of the rent being made $45 a month as inserted in the lease, and that the plaintiff did not build the veranda.

CONTRACT on a covenant to pay rent contained in a lease in writing under seal dated September 1, 1911, to recover the amount of $90, being two months' rent at the rate of $45 a month. Writ in the Municipal Court of the City of Boston dated September 5, 1912.

The answer alleged that, if the defendant signed the lease, he signed it in consideration of the plaintiff's oral agreement to build a covered veranda connecting with the leased apartment and to further adapt the apartment for the special use of the defendant's wife, who was an invalid, that the plaintiff failed to perform this agreement and that in consequence the defendant was obliged to remove from the premises.

In the municipal court the case was tried before *Bolster*, C. J. The judge. excluded the evidence offered by the defendant in support of this part of the answer, as stated in the opinion, and found for the plaintiff. At the request of the defendant he reported the case under St. 1912, c. 649, § 8, for determination by the Appellate Division. The following statement without signature or certificate was printed in the record of appeal presented to this court:

"(Memo.) Within two days after notice of the ruling complained of, the defendant filed his request that the case be reported to the Appellate Division for determination.

"Subsequently on December 12, 1912, the report as hereinbefore set forth was filed, and allowed by the presiding justice.

"Subsequently the case was argued before the Appellate Division, and later an order dismissing the report was filed by the justices comprising said Appellate Division."

The defendant appealed "from the opinion and order of the Appellate Division of said court in the above entitled matter."

*G. H. Elwell*, for the defendant.

*C. T. Cottrell & A. Garceau*, for the plaintiff, submitted a brief.

RUGG, C. J. This is an appeal from a decision of the Appellate Division of the Municipal Court of the City of Boston under St. 1912, c. 649.

A word needs to be said as to the form in which the case comes before us. There is in the record an unsigned recital entitled "(Memo.)" setting out the history of the case and the action of the Appellate Division. There is no judgment signed by the judges nor indorsement by the clerk that it is by order of the court. The decision of the Appellate Division should be set forth in the form in which it is entered. Under the statute that court "may reverse, vacate or modify" the ruling complained of "or order a new trial in whole or part" or "dismiss the report." The practice of other courts indicates as the procedure an order by the court for the entry of the decision, attested by the clerk, or instead the decision may be signed by the judges and filed. As is pointed out in *Cohen* v. *Berkowitz, ante,* 68, an opinion (if one is written), which is a statement of the reasons for the decision, is no part of the record, and should not be printed. When no question of practice is raised, only the report, the deci-

sion of the Appellate Division and the appeal to this court, need be printed, showing the dates of filing or allowance of each, with an attestation by the clerk. If any question of practice is raised, enough of the record of the Municipal Court should be printed to show clearly the point presented.

This is an action of contract to recover instalments of rent due under a written lease. The defendant and the plaintiff executed the lease, and the defendant entered into possession of the premises, but left before the expiration of the term. The defendant offered to prove that, before the execution of the lease, the plaintiff proposed to let the premises described in the lease "as they then stood for the monthly rental of $42; but for the monthly rental of $45, the consideration named in said lease, she then agreed to build a covered veranda," and had not done so. The question of law presented is, whether this evidence was excluded rightly. This precise point was decided adversely to the contention of the defendant in *Brigham* v. *Rogers*, 17 Mass. 571, where it was held that an oral agreement that there should be a sufficiency of good water upon the demised premises, made before the execution of a written lease, was merged in the bargain which the parties later reduced to writing. The distinction was pointed out between an independent agreement and one which was a part of the agreement subsequently put in the form of a lease. This decision was approved in *Durkin* v. *Cobleigh*, 156 Mass. 108, 110. *Graffam* v. *Pierce*, 143 Mass. 386, on which the defendant relies, there was cited and distinguished. It is not always easy to decide on the facts arising in different cases between an independent agreement, for breach of which an action will lie, and one which is a part of that embodied in the written contract, and hence not admissible in evidence. The case at bar is not open to serious doubt, and is governed by the cases cited. See also *Edison Electric Illuminating Co.* v. *Gibby Foundry Co.* 194 Mass. 258. When such an independent agreement may be shown, a breach of it is not available as a defense at law or in equity, but as the foundation for a separate or cross action.

*Judgment affirmed.*