WESTERN NEWSPAPER UNION *vs.* JOHN V. DITTEMORE.

Suffolk.    December 1, 1927.— June 6, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* In writing, Performance and breach.  *Evidence,* Extrinsic affecting writing.

Following a long conversation between a representative of a corporation, engaged in the business of furnishing newspapers throughout the United States with matter for publication, and a prospective customer, the corporation's representative wrote the customer a letter which began, "In compliance with your request of yesterday I will put into this letter, the proposition on the distribution of newspaper plates to be supplied by us on your order," and contained a statement of what was to be done and the charges to be made.  The customer replied with a letter acknowledging receipt of the corporation's letter and saying, "The terms for your service as stated in your letter are satisfactory and according to my understanding from our conversation," and outlining his plan in preparation of matters to be sent for distribution, and commenting on himself and his acquaintances at considerable length.  The letter contained nothing discussed in the preliminary conversation which had not been dealt with in the corporation's letter.  The corporation performed all it promised to do in its letter.  In an action by the corporation against the customer for the amounts stipulated in its letter as charges for the work, the defendant in his answer averred in substance that the plaintiff also had agreed not to disclose the defendant's plans, that such disclosure had been made, and that the defendant had been damaged, and he sought to recoup the amount of such damages.  At the trial of the action the defendant did not question that the contract as set out in the letter was performed, nor that the charges made were in accordance with the letter.  The judge excluded evidence of the additional contract set out in the defendant's answer and ordered a verdict for the plaintiff.  *Held,* that

(1) If an agreement of the character set out in the defendant's answer was made, it was not an independent, collateral agreement, but was a part of the agreement preliminary to the formal contract contained in the letters;

(2) The formal contract contained in the letters was not ambiguous;

(3) Evidence of the agreement described in the defendant's answer was inadmissible, since it would vary or add to the terms of the contract in writing;

(4) Such evidence was not made admissible by the claim for recoupment;

(5) The verdict for the plaintiff properly was ordered.

CONTRACT.    Writ dated June 20, 1924.

In the Superior Court, the action was tried before *Broadhurst, J.* Material evidence and the course of the trial are stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $2,825.25. The defendant alleged exceptions.

*G. E. Mears,* for the defendant.

*R. B. Owen, (E. R. Anderson* with him,) for the plaintiff.

WAIT, J. This is an action in which the plaintiff seeks payment for services rendered the defendant and for incidental charges in connection therewith. The first of the two counts of its declaration sets out an express contract, alleges full performance, and charges failure by the defendant to pay the agreed compensation. The second count is *indebitatus assumpsit* for goods sold and delivered and labor performed, according to an account annexed which sets out the same items of charge sought to be recovered under the first count. The answer, in addition to a general denial, sets up that, if the parties ever agreed as alleged, it was also agreed that disclosure of the defendant's action therein would defeat his plans, and render the service of no value to him, and that, neither directly nor indirectly, should the plaintiff disclose or permit to be disclosed such plans and purposes, and that it would exercise care, skill and diligence in the performance; but that it had violated its promises, broken the agreement, and permitted disclosure whereby the defendant had lost the value of what was undertaken, and, therefore, did not owe as alleged. By amendment he asked to recoup damages caused him by neglect, unskilfulness and the violation of the obligation set up.

The plaintiff is engaged in the business of furnishing newspapers throughout the United States with matter which its customers desire to have published. In 1922 and 1923 the defendant was concerned in litigation and desired wide publicity in regard to his conduct and the conduct of his opponents. In March, 1923, he had a long conversation in Chicago with an employee of the plaintiff and, as a result, the latter sent to him a letter under date of March 29, which began: "In compliance with your request of yesterday I will

put into this letter, the proposition on the distribution of newspaper plates to be supplied by us on your order." The letter then stated what was to be done and the charges to be made. On April 4, 1923, the defendant wrote, from Boston, acknowledging receipt and saying: "The terms for your service as stated in your letter are satisfactory and according to my understanding from our conversation in Chicago." The letter then outlined his plan in preparation of matters to be sent for distribution, and commented on himself and his acquaintances at considerable length. It said nothing of any matter discussed at Chicago not dealt with by the letter of March 29.

There was no dispute at the trial that the contract set out in the first count of the declaration stated the propositions of the letter of March 29; that the service there promised was performed, and that the items of charge were in accord therewith. The plaintiff's right to recover is beyond question unless it can be affected by something which is not set out in these two letters.

The defendant contended that the language of the letters was of doubtful meaning, and offered to show what was said at the conference in Chicago; that he did not intend his letter of April 4, to state that it covered the whole subject matter of their conversation and agreement but only terms for payment; that there was a collateral agreement in substance as set out in his answer; that, in August of 1923, persons in the employ of the plaintiff disclosed what the defendant had done, and that, in consequence, he received no benefit but was damaged in an amount greater than the plaintiff's claim. The disclosure was made after most, if not all, of the service had been performed; and, apparently, consisted in supplying to his opponents a list of the newspapers which had taken the matter furnished by the defendant.

The defendant further contended that evidence of what was said at the conference in Chicago was admissible on the question of damages. The judge ruled that the letters contained the contract between the parties; that the alleged agreement in regard to secrecy was not a collateral and

independent agreement, and did not constitute a defence; that the evidence offered was immaterial. No other evidence was offered by the defendant to show damage. The defendant rested at the close of the plaintiff's case. He agreed that a verdict in a certain sum was proper if recovery was to be had. The judge thereupon directed a general verdict for the plaintiff. The case is before us upon the defendant's exceptions.

It is familiar law that evidence is not admissible to vary, contradict or add to the terms of a contract reduced to writing by the parties. The rule is more than a law of evidence. It is part of the substantive law of contracts. *Glaskin* v. *Bennett,* 226 Mass. 316, quoting *Mears* v. *Smith,* 199 Mass. 319. Nevertheless, if it is apparent that the parties did not intend to embody in the writing all parts of their agreement, then evidence is admissible to prove a separate agreement not inconsistent with the terms of the writing and relating to a subject on which that is silent. *Glaskin* v. *Bennett, supra.* It is frequently difficult to distinguish between such an independent agreement, collateral to that set out in writing, and one which is part of what is therein set out. *Spear* v. *Hardon,* 215 Mass. 89. In the case before us, however, it is plain that the additional agreement which the defendant sought to put in evidence was not collateral to but, if made, was part of the contract embodied in the writings. There is no ambiguity. It is not apparent that the parties intended to omit from the writings anything which formed part of their mutual understanding. On the contrary, the letter of March 29 expressly states that it is written to set forth the agreement reached, and the letter of April 4 does not indicate that the writer is disturbed at the omission of any understanding which entered into the contract. He accepted the contract as stated. The agreement sought to be shown added materially to the contract alleged, for, in substance, it provided that no payment would be claimed if the defendant's opponents learned from the plaintiff what had been done for him. The publication by hundreds of newspapers of matters relating to a controversy in the Christian Science Church could not be kept secret.

Investigation was certain. An agreement such as the defendant alleges, if ever discussed, was of the essence of the agreement for service and compensation. The letter of March 29 purports to set out "the proposition on the distribution of newspaper plates to be supplied by us on your order." It is incredible that an element so important should have escaped notice, or have been deliberately left unstated by the parties. The evidence was not made material by the claim for recoupment. No evidence of lack of skill or of poor management in what was done was shown. The right to recoupment must arise out of something connected with the contract alleged, not out of something separate and apart from it. *Knitted Mattress Co.* v. *Griggs*, 154 Mass. 5. *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158. We see no element of fiduciary relation in a contract of news purveyors with a customer seeking widespread publication. Even if for limited purposes some of the evidence offered was admissible, the defendant has not suffered from its exclusion, when it appears that, if it had been before the court, no defence to the claim would have been made out. The case falls within the authority of *MacAlman* v. *Gleason*, 228 Mass. 454; *Glaskin* v. *Bennett, supra; Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194; *Spear* v. *Hardon, supra; DeFriest* v. *Bradley,* 192 Mass. 346; *Taylor* v. *Goding,* 182 Mass. 231, *Merrigan* v. *Hall,* 175 Mass. 508, rather than of *Keith* v. *Radway,* 221 Mass. 515; *Waldstein* v. *Dooskin,* 220 Mass. 232; *McGuinness* v. *Kyle,* 208 Mass. 443; *Drew* v. *Wiswall,* 183 Mass. 554; *Durkin* v. *Cobleigh,* 156 Mass. 108; *McCormick* v. *Cheevers,* 124 Mass. 262; *Carr* v. *Dooley,* 119 Mass. 294; *Willis* v. *Hulbert,* 117 Mass. 151; *Stacy* v. *Kemp,* 97 Mass. 166. See also *Goldenberg* v. *Taglino,* 218 Mass. 357; *Deans* v. *Eldredge,* 217 Mass. 583; *Graffam* v. *Pierce,* 143 Mass. 386.

The judge was right.

*Exceptions overruled.*