LOUIS MECHABER *vs.* CHARLES PITTLE.

Bristol.    October 29, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Contract*, What constitutes, In writing. *Evidence*, Extrinsic affecting writing, Materiality. *Practice, Civil*, Requests, rulings and instructions.

The owner of certain premises made a lease of them in writing. Later he ceased to be owner and became the holder of a third mortgage of the premises. In such mortgage deed he guaranteed to the mortgagor the performance of the conditions of the lease by the lessee. Subsequently by an agreement in writing he agreed to assign his mortgage subject to the prior mortgages, the purchaser paying $500 at the execution of the agreement, which contained a provision, among others, that "the only prior incumbrances on these premises" were the three mortgages, that, if there were other encumbrances, the agreement should be void and the $500 should be returned, and that the purchaser "accepts the mortgage as is, providing all other conditions herein specified are complied with." In an action by the purchaser for damages due to failure of the mortgagee to perform his agreement by making the assignment, the judge found for the plaintiff, and, on exceptions by the defendant, it was *held*, that

(1) The agreement was not ambiguous;

(2) There being no evidence of fraud, it was proper to exclude evidence that in negotiations previous to making the agreement the plaintiff had agreed to take over the guaranty of the lease contained in the mortgage and to hold the defendant harmless, and that the defendant had signed the agreement, believing that it contained such a provision;

(3) As showing conduct inconsistent with the defendant's contention in defence that the contract did not express the agreement of the parties, evidence properly was admitted, that the defendant's attorney had

written the plaintiff's attorney that the defendant could not assign the mortgage because there were other encumbrances and offering the return of the $500, and that, after his counsel had advised him that he had not obtained an agreement which would release him from liabilities under the mortgage, and after the plaintiff had begun his action, the defendant had brought an action alleging willingness to perform the agreement.

By reason of the provisions of Common Law Rule 45 of the Superior Court (1923), it was proper for a judge hearing an action without a jury to refuse a request for a ruling, "On all the evidence, the verdict should be for the defendant."

A purpose on the part of the plaintiff, in the action above described, to acquire a method by which he could obtain money damages from the defendant rather than the acquisition of the mortgage would not be a legal bar to the action on the agreement obtained.

It appearing that the agreement in writing above described was not ambiguous and was not obtained by fraud, it was proper for the judge hearing the action to refuse to rule, "If you find in relation to this contract that the plaintiff understood and intended one thing and the defendant understood and intended another thing, then the minds of the parties never met and there is no contract, and the verdict should be for the defendant."

CONTRACT for breach of the contract in writing described in the opinion in not making the assignment therein required Writ dated April 2, 1925.

In the Superior Court, the action was heard by *Williams,* J., without a jury. Material evidence and exceptions relating thereto are stated in the opinion.

The mortgage, referred to in the opinion, among other clauses contained the following: "Also, according to the tenor and terms of a lease granted to one Homer J. Messier, (Later assigned to the Made-Rite Ice Cream Company, and recorded July 10, 1924, at Bristol County (S. D.) Registry of Deeds, book 602, page 106) by the grantor who is the mortgagee herein, the said grantor hereby waiving notice and demand guarantees the fulfillment to the said grantee who is the mortgagor herein by the lessee of the terms and conditions noted, if the said lessee does not so pay the rents, or perform or fail to perform any of the covenants as expressed therein in said lease, dated June 10, 1924, and recorded in the Bristol County (S. D.) Registry of Deeds, book 590, page 148, the said defaults shall be paid by the mortgagee."

The defendant asked for and the judge refused the following rulings:

"1. On all the evidence, the verdict should be for the defendant."

[The second ruling requested is quoted in the opinion.]

"3. If you find that the plaintiff practised fraud in the negotiations leading up to the contract and the defendant has taken the proper steps to avoid said contract, the verdict must be for the defendant.

"4. If you find that the plaintiff practised fraud in the inducement of the contract and the defendant has taken the proper steps to avoid said contract, the verdict must be for the defendant.

"5. If you find that the plaintiff practised fraud in the making of the agreement and the defendant has taken the proper steps to avoid said contract, the verdict must be for the defendant.

"6. If you find that the defendant's negotiations were for the purpose of acquiring a right of action rather than to acquire the ownership by assignment of this mortgage and the sole purpose of the plaintiff's negotiations were to obtain a method by which money damages could be secured, then the verdict must be for the defendant.

"7. If you find that the defendant tendered to the plaintiff the sum of $500, then the agreement is null and void and there is no damage to the plaintiff.

"8. If you find that the plaintiff, himself, has broken the terms of this contract, he cannot recover."

The judge found for the plaintiff in the sum of $2,985.92. The defendant alleged exceptions.

The case was submitted on briefs.

*J. B. Lowney & E. J. Harrington,* for the defendant.

*S. Barnet, P. Barnet & T. F. O'Brien,* for the plaintiff.

WAIT, J. The defendant owned a mortgage made by one Charette upon premises subject to prior mortgages to a bank for $9,000, to one Driscoll for $28,000, and to one Desautels for $5,000. As to one parcel it was a second, and as to another it was a third mortgage. It contained an agreement by which Pittle guaranteed the performance

of the conditions of a lease made by Pittle to Messier and assigned to the Made Rite Ice Cream Company. It secured a note for $28,000, and bore date February 2, 1925. The plaintiff negotiated for its purchase; and on March 24, 1925, a written agreement under seal was signed by Pittle and Mechaber. This recited the receipt of $500 from Mechaber by Pittle on an agreement to assign the mortgage in consideration of $20,750, of which, in addition to the $500, $13,250 was to be paid in cash upon the execution of the assignment and the balance by a note for $7,000 with interest at five per cent for a term of three years or to be paid when the Desautels mortgage was discharged. It agreed that "the only prior incumbrances on these premises" were the three mortgages above described; and provided further, "In the event that there are other incumbrances on these premises it is agreed that this agreement shall be null and void and the said sum of five hundred (500) dollars returned. The said Mechaber accepts the mortgage as is, providing all other conditions herein specified are complied with." The plaintiff on April 2, 1925, brought action for breach of the agreement alleging a tender. After a finding for the plaintiff, the defendant brings before us exceptions to rulings in admitting and rejecting evidence and in denying certain requests.

There was evidence that the defendant to the plaintiff's knowledge desired to get rid of the agreement of guaranty in the mortgage; that he sought advice whether an assignment would release him, and was told by his counsel that a simple assignment of the mortgage probably would not; that the last sentence of the written agreement was in long hand, while the rest was typewritten; and that the plaintiff had represented that the words "as is" in that sentence would take care of the guaranty, and the plaintiff took subject to the lease.

The defendant offered to show that orally the plaintiff agreed to take over the guaranty of the lease contained in the mortgage and to hold the defendant harmless; and that the defendant, believing that this was in the agreement, signed the written agreement; and to show that he

made statements to the plaintiff's attorney, after he had read over the written agreement to a lawyer and asked an opinion on its meaning. This evidence was excluded properly. No evidence of fraud appears. The defendant was seeking to show his understanding of the meaning of the writing. Evidence of conversations and negotiations culminating in the writing is not competent in such circumstances. *Goldenberg* v. *Taglino*, 218 Mass. 357. *Western Newspaper Union* v. *Dittemore*, 264 Mass. 74. We see nothing ambiguous in the language. Cases like *Reinherz* v. *American Piano Co.* 254 Mass. 411, are not in point.

The defendant was required to state whether, after the transaction fell through, he did not bring suit on the agreement; and a letter from his attorney, dated April 1, 1925, notifying the plaintiff's counsel that the defendant could not assign because there were other encumbrances and offering the return of the $500 was admitted. It appeared that he brought action in January, 1926, alleging readiness on his part to perform the agreement; and that this was after his counsel had advised him that he had not obtained an agreement which would release him from liabilities under the mortgage. There was no error. The evidence was competent. Insistence upon the agreement as the basis of an action at law was inconsistent with his contention at the trial that it did not express the contract of the parties. His remedy if there had been mutual mistake was by a bill in equity. Misunderstanding on his part would not make out mutual mistake. *Levin* v. *Bernstein,* 269 Mass. 542, and cases there cited.

The first of the defendant's eight requests for rulings was not proper subject of a request. Under Rule 45 of the Superior Court (1923), it was matter for a motion. The third, fourth and fifth were inapplicable where no fraud was found. The eighth was inapplicable in the absence of a finding of breach by the plaintiff. The seventh could not be given if the judge found, as he did, that the facts did not sustain it. The sixth likewise could not be given. The plaintiff's purpose to acquire a method by which he could obtain money damages from the defendant rather than

the acquisition of the mortgage is not a legal bar to an action on the agreement obtained. The second, " If you find in relation to this contract that the plaintiff understood and intended one thing and the defendant understood and intended another thing, then the minds of the parties never met and there is no contract, and the verdict should be for the defendant," does not state the rule of law applicable here. Where parties, intending to contract, sign a written agreement in language adopted by them, the words of the writing, in the meaning given them by the law, constitute the contract upon which their minds have met. *Mears* v. *Smith*, 199 Mass. 319. *Western Newspaper Union* v. *Dittemore, supra.* That is what these parties did. We find no error in the construction given the agreement by the trial judge.

*Exceptions overruled.*