ADOLPH A. BRAND *vs.* SUBURBAN LAND COMPANY, INC.

Suffolk. January 5, 1938. — February 1, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Evidence*, Extrinsic affecting writing. *Law of the Trial. Practice, Civil*, Exceptions: materiality.

Parol evidence properly was excluded at the trial of an action between the parties to a contract under seal because it contradicted an unequivocal statement of fact in the contract.

In the absence of any appeal or exception to action by a judge during the trial, sustaining a demurrer to a declaration in set-off, that action became the law of the trial, and an exception to a previous exclusion of evidence relating to the set-off could not be sustained.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 17, 1934.

Upon removal to the Superior Court, the action was heard without a jury by *M. Morton*, J., who found for the plaintiff in the sum of $1,704. The defendant alleged exceptions.

*D. Flower*, for the defendant.

*C. W. Rowley*, (*H. J. Finkelstein* with him,) for the plaintiff.

DOLAN, J. This is an action of contract based on a written agreement under seal, entered into between the

parties under date of March 13, 1934, which recited that the defendant had assigned a certain mortgage to the Revere Trust Company, the mortgage note being indorsed by the plaintiff; that the plaintiff had a deposit in said trust company of approximately $1,600; that the trust company was withholding dividends on the deposit from the plaintiff on account of the indebtedness created by the assignment of the mortgage; that the defendant intended at its convenience to pay or cause to be paid its indebtedness to the trust company "and to avail itself of the money . . . [then] on deposit with said bank or the dividends declared thereon towards such payment"; and wherein it was mutually agreed between the parties that the defendant should have the right to use the dividends from the deposit "towards the payment of said mortgage to" the trust company, and that at the settlement with the "bank and in any event not later than September 1, 1934," the defendant would pay to the plaintiff the sum of $1,600, the amount on deposit with the trust company by the plaintiff. The action was entered in the Superior Court on November 10, 1934. The defendant filed an answer alleging that it executed the agreement relying on the representation of the plaintiff that he had a deposit of $1,600 in the Revere Trust Company; that the amount on deposit was in fact less than $1,600; that the plaintiff warranted that the condition of the trust company was such that it would pay a dividend of ninety per cent to its savings account depositors, but that the trust company paid a dividend in an amount far less than ninety per cent; that the plaintiff failed to deliver to the defendant the acknowledgment by the trust company of the proof of claim made by the plaintiff "which it is necessary for the defendant to have in order to claim any dividends declared by the said bank"; and that "the defendant owes the plaintiff nothing." The defendant also filed a declaration in set-off in two counts, the first alleging that the plaintiff owed the defendant $1,075 which it had turned over to him on his representation that he had paid that sum as a commission on a loan which he had negotiated for it, and that in fact no such

commission was ever paid in connection with the loan; the second count was on an account annexed for $1,075 for money had and received by the plaintiff to the defendant's use. The plaintiff filed an answer in general denial. The case was tried before a judge of the Superior Court without a jury.

During the trial the defendant proposed certain questions to a witness in cross-examination, tending to bring out that the deposit in the Revere Trust Company was in whole or in part the property of the defendant, and not that of the plaintiff as recited in the agreement. The judge excluded this line of inquiry and the defendant excepted. The evidence sought to be presented was properly excluded as tending to contradict by parol the terms of the written agreement which was plain and unequivocal on its face as to the ownership of the deposit. *Glackin* v. *Bennett*, 226 Mass. 316, 319. *Western Newspaper Union* v. *Dittemore*, 264 Mass. 74, 77. *Kothe* v. *Phoenix Mutual Life Ins. Co.* 269 Mass. 148, 151. *Mechaber* v. *Pittle*, 270 Mass. 193, 197. *Whitty Manuf. Co. Inc.* v. *Clark*, 278 Mass. 370, 374.

The defendant attempted to introduce evidence in support of its claim in set-off, but the judge "refuse[d] to hear evidence on the declaration in set-off because in . . . [his] opinion, as a matter of law, a claim of that sort cannot be set off because not connected in any way with the contract upon which the suit is brought." The defendant excepted, and at that time the plaintiff was permitted to file a demurrer to the entire declaration in set-off, setting up as its sole ground that "the defendant seeks to recover an unliquidated claim sounding in tort, which is not a proper subject of this declaration in set-off."* It was within the judge's discretion to allow the demurrer to be filed. See Rule 2 of the Superior Court (1932). The judge entered an order sustaining the demurrer. At the close of the evidence the defendant filed four requests for rulings. They were denied and the defendant excepted.

---

* No exception was saved to the order allowing the filing of the demurrer. — REPORTER.

We do not intimate that the exclusion of the evidence in support of the defendant's declaration in set-off was right, at the stage of the trial at which it was offered; see *Cook* v. *Mills,* 5 Allen, 36, 37; *American Bridge Co. of New York* v. *Boston,* 202 Mass. 374, 375; nor that the judge's action in sustaining the demurrer to the declaration in set-off was free from error; see *Sears* v. *Trowbridge,* 15 Gray, 184, 185; *Vitagraph, Inc.* v. *Park Theatre Co. of Boston,* 249 Mass. 25, 31; see also *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479. The controlling fact as to this subject matter is that it does not appear that the defendant appealed from or excepted to the order sustaining the plaintiff's demurrer to the defendant's declaration in set-off, see G. L. (Ter. Ed.) c. 231, §§ 96, 113; *McCallum* v. *Lambie,* 145 Mass. 234, 236; *Norton* v. *Lilley,* 210 Mass. 214, 218. It also does not appear that the defendant filed any motion to amend its declaration within ten days after the order sustaining the demurrer was entered, under the right reserved to it by Rule 23 of the Superior Court (1932). In these circumstances the action of the judge in sustaining the demurrer became final and removed all possibility of giving effect to the defendant's claim in set-off. The prior exclusion of evidence as to a subject matter which thus ultimately disappeared from the case cannot be held to be error.

The first, second and fourth requests of the defendant for rulings are clearly premised on facts at variance either with those recited in the agreement or with those which could have been found by the judge on the evidence set forth in the bill of exceptions, and were properly refused. *Stein* v. *Almeder,* 253 Mass. 200, 205. The denial of the defendant's third request that "The contract between the plaintiff and the defendant was not severable but entire" was not harmful. *H. K. Webster Co.* v. *Mann,* 269 Mass. 381 385. *Boston Morris Plan Co.* v. *Barrett,* 272 Mass. 487, 491. There was evidence which supported the finding for the plaintiff.

*Exceptions overruled.*