JOHN D. ZANI *vs.* GARRISON HALL INC.

Suffolk.    November 12, 1937. — March 30, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Contract*, Building contract.  *Practice, Civil*, Recoupment, Requests, rulings and instructions.

In an action by a builder for a balance due upon a contract in writing for construction work to be done for the defendant, there was no error in the refusal of a request by the defendant for a ruling that, if the plaintiff did not complete the work in accordance with the contract, the defendant was entitled to recoup a sum sufficient to complete it properly.

A request for a ruling of law, which included a proviso inconsistent with an alleged written agreement upon which the request was based, properly was denied.

CONTRACT. Writ in the East Boston District Court dated May 6, 1936.

The first count of the declaration was based solely upon the written building contract, and the second count upon an account annexed for extras.

On removal to the Superior Court, the action was heard without a jury by *Swift*, J.

*H. Sesnovich*, for the defendant.

*J. Stone*, for the plaintiff.

QUA, J. The plaintiff seeks to recover a balance of $250 alleged to be due upon a written contract dated May 15, 1935, whereby the plaintiff agreed to install tiling in fifty-five bathrooms at "Garrison Hall," and also $275 for "extra work" upon the same premises. The defendant answered by general denial and in recoupment for alleged improper work. The judge made a general finding for the plaintiff in the total sum of $375.

There was evidence of the making of the written contract,

the performance of the work called for therein, and that an unpaid balance was still due therefor as claimed. There was evidence that the extra work was performed under an oral contract between the parties and that the amount claimed was a reasonable charge therefor. There was evidence in the defendant's behalf that on December 10, 1935, after all the work had been done, the plaintiff's daughter signed in the plaintiff's name a "memorandum" wherein, after "allowing for inferior workmanship $150.," the balance due on the contract, together with a small item for work done elsewhere not involved in this action, is stated to be "$500. when payment will be in full of all demand to date." The plaintiff testified that he had not authorized his daughter to sign this paper. After December 10, 1935, $400 had been paid, leaving a total balance due on the basis of the "memorandum" of only $100.

The defendant's exceptions are to the refusal of the judge to give the rulings requested by it. Of those argued, the judge could not have given numbers 2, 4, 6 and 7, because these requests ignore the evidence from which the judge could find that the defendant owed the plaintiff for extra work and the evidence that the plaintiff did not authorize the execution of the "memorandum" in his behalf.

Request number 3 asks a ruling that, if the plaintiff did not satisfactorily complete the job in accordance with the written contract, the defendant is entitled to recoup in a sum sufficient to complete the job as it should have been done. This request overlooks the rule that *quantum meruit* and not recoupment is the means by which, in this Commonwealth, the rights of the parties are adjusted where there has been part but not complete performance of a building contract. *Bowen* v. *Kimbell*, 203 Mass. 364, 369–371. *Handy* v. *Bliss*, 204 Mass. 513, 517–519. *Gillis* v. *Cobe*, 177 Mass. 584, 595. *Beverly Hospital* v. *Early*, 292 Mass. 201, 204. Moreover upon a recoupment the burden of proof rests upon the defendant, and if the judge found the "memorandum" unauthorized there was no evidence from which the amount of any recoupment could be ascertained. *Bank of United States* v. *Thomson & Kelly Co.* 290 Mass. 224.

Request number 5, in substance that if the parties "had an accounting" on the date of the "memorandum," "all the plaintiff can recover is $100. providing your Honor finds that the plaintiff satisfactorily completed the contract," was unsound because of the proviso just quoted, even if we assume that the "memorandum" was evidence of an "accounting." The "memorandum" was made long after the plaintiff had ceased his work. It contained an express allowance to the defendant of $150 for "inferior workmanship." It follows that the balance therein stated as remaining due from the defendant could not have been conditioned upon the plaintiff satisfactorily completing the contract.

We find no error of law in denying the requests.

*Exceptions overruled.*