UNITED STATES TRUST COMPANY *vs.* IDA SIEGEL & others. June 9, 1958. Order denying jury issue affirmed. This is an appeal by the contestants in the matter of the probate of the will of Jennie Louis, late of Boston, from an order of the Probate Court denying their motion to frame a jury issue respecting the undue influence of her husband, Israel Louis. Jennie and Israel were married in 1899 and had no children. Money which they had saved was deposited in their joint names in savings banks. In 1944 they executed mutual wills. Jennie left specific legacies to her four sisters, who are the contestants, and to their children and grandchildren. She left the residue of her estate to Israel and, if he should not survive her, to thirty-one different charities. Israel's will contained a similar residuary clause. Expected evidence of the contestants was to the effect that Israel was penurious and ill tempered, that Jennie was afraid of him and was dissatisfied with her will. The evidence does not permit an inference beyond that of such persuasion by Israel as a husband may lawfully employ. See *Aldrich* v. *Aldrich*, 215 Mass. 164, 168; *Kahalley* v: *Kahalley*, 248 Ala. 624; *Boland* v. *Aycock*, 191 Ga. 327; *Henderson* v. *Jackson*, 138 Iowa, 326. That it amounted to coercion or in fact overcame her own volition is a matter of conjecture. See *Neill* v. *Brackett*, 234 Mass. 367, 370. The case was submitted on briefs.

*W. Arthur Garrity, Jr., & Robert J. Sherer*, for the contestants.

*Jerome E. Rosen*, for the proponent.

GEORGE OHMAN & another *vs.* IRENE E. JULIEN. June 16, 1958. Order dismissing report affirmed. This is an action of tort for personal injuries, property damage and consequential damage arising out of a collision at an intersection in Marlborough between an automobile owned and operated by Alice L. Ohman (hereinafter called the plaintiff), wife of George, and an automobile operated by the defendant. After a trial in a District Court the judge found for the plaintiffs and the Appellate Division dismissed a report. It is conceded that the only question in issue is the contributory negligence of the plaintiff. As to this the defendant filed four requests for rulings which were denied. Without reciting the evidence of the circumstances of the accident it is enough to say that it amply supports the following findings of the judge: "On all the evidence, I find the plaintiff . . . to have been in the exercise of due care, and I find that the accident was caused solely by the defendant's negligence in going through the intersection without coming to a stop at the 'stop sign' on Warren Avenue, at its intersection with the westerly side of Church Street. Although she testified she stopped there two (2) minutes, I am satisfied she didn't and on all the evidence, I find she didn't. . . . I find on all the evidence that the negligence of the defendant was the sole cause of the accident." These findings are conclusive on the issue before us. There was no error. See *Morton* v. *Dobson*, 307 Mass. 394; *Brightman* v. *Blanchette*, 307 Mass. 584; *Austin* v. *Wolfson*, 328 Mass. 652; *Salem* v. *Gilbert*, 332 Mass. 754.

*William F. Meara, Jr.*, for the defendant.

*Walter J. Griffin, (Anthony J. Di Buono* with him,) for the plaintiffs.