*Southern Division*

## LEONARD F. GILBERT

### v.

## LOUIS G. TOLLES
## AND
## MURIEL L. TOLLES

*Present:* Nash, P. J., Cox and Callan, JJ.

Case heard to *Chayet, Sp. J.,* in the Fourth District Court of Plymouth. No. 9745 of 1958.

*Cox, J.* This is an action to recover a deposit of $400.00 made in connection with a sale and purchase agreement relating to real estate in the Town of Middleboro.

There was a finding for the plaintiff, the judge holding "That the agreement was executed under a *mutual mistake of law"*. The case was reported because the defendants claim to be aggrieved by the refusal of the court to allow certain of their requests for rulings and by the finding.

By an agreement dated May 13, 1957, the defendants agreed to sell and the plaintiff to purchase the real estate. The agreement set out in detail all the terms of the transaction. It contained the following paragraph which controls the issue to be resolved:

"If the second party shall fail to fulfill his part of the agreement, all payments made hereunder by the second party may, at the option of the first party, be retained by the first party as liquidated damages, unless said failure shall be solely due to the refusal of the V. A. to grant a mortgage."

The plaintiff is the second party referred to in the agreement.

All the material evidence is reported. *There was evidence at the trial* that the plaintiff was *unable* to obtain approval of his credit by any bank and could not get a loan processed by a bank. He testified "that he went to the Veteran's Administration in Providence, Rhode Island, who informed him that before they would even process a claim he must ob-

tain prior approval of a local bank for his credit and then they would process the matter." Other than the agreement itself and the foregoing, no other evidence is reported.

It was error to have held that the agreement was executed under a mutual mistake of law. There was nothing to support that conclusion. The plaintiff in his declaration bases his right to recover on the quoted provision in the contract. So far as he is concerned, he cannot consistently base his action for the return of the deposit upon the terms of the agreement and, at the same time, contend that it does not express the contract between the parties.

If there had been a mutual mistake between the parties, the remedy, so far as the plaintiff is concerned, would have been a bill in equity. *Mechaber v. Pittle,* 270 Mass. 193, 197. On the other hand, by virtue of G. L. (Ter. Ed.) c. 231, s. 31, "The defendant may allege in defence any facts which would entitle him in equity (including the equitable defence of mutual mistake) to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action or against a judgment recovered by the plaintiff in said action." *Mates v. Penn Mut. Ins. Co.,* 316 Mass. 303; *Stevens v. William S. Howe Co.,* 275 Mass. 398, 400.

In the case before us, neither of the parties in their respective pleadings claim any mutual mistake in the contract and no evidence of mistake was adduced. Accordingly, there was no warrant for the finding to be

based on mutual mistake, whether of law or fact. *Mechaber v. Pittle,* 270 Mass. 193, 197, 198; *Stevens v. William S. Howe Co.,* 275 Mass. 398, 400, 401; *Allen v. Plymouth,* 313 Mass. 356, 361, 362.

■ The judge decided the case on the ground of mutual mistake of law. His decision for the plaintiff on that ground effectively precludes considering whether the decision may be sustained on any other. *Wasserman v. Caledonian-American Ins. Co.,* 326 Mass. 518, 520. Because we hold that the agreement was not executed under a mutual mistake of law, there must be a new trial.

■ As the case will be decided by the construction to be placed upon the paragraph in the contract which has been quoted, we proceed to consider it. The making or granting of mortgage loans is not authorized under controlling federal law, so far as here material, but the law does make provision for guaranteeing such loans to veterans. The lack of accuracy and clarity in the paragraph in question, however, does not obscure what the parties obviously intended. It has been held that "All the essential terms of a contract must be definite and certain so that the intention of the parties may be discovered, the nature and extent of their obligations ascertained and their rights determined. (Cases cited).

"A contract is not to be struck down because one of its material provisions is stated in broad and general terms if, when applied to the transaction and construed in the light of the attending circumstances, the meaning

to be attributed to it can be interpreted with reasonable certainty so that the rights and obligations of the parties can be fixed and determined." *Cygan v. Megathlin,* 326 Mass. 732, 733, 734; *Simons v. American Dry Ginger Ale Co. Inc.,* 335 Mass. 521, 523. It has also been held that "The fact that an executed written contract contains within itself difficulties of construction about which the parties disagree does not enable a party to contend that the minds never met. By signing the writing the parties bind themselves to such interpretation as the court may place upon the words and symbols employed by them." *Benjamin Foster Co. v. Commonwealth,* 318 Mass. 190, 196.

Guided by those rules of law and reasonably construed in the light of the circumstances attending this agreement, we think that the paragraph was intended by the parties to mean that the payment made by the plaintiff as a deposit may be recovered by him on condition and only if it shall appear as the sole ground for his failure to perform the agreement, that he endeavored in good faith, but without success, to obtain a loan guaranteed under the provisions of the Servicemen's Readjustment Act of 1944, 38 USC c. 11c, §694, as amended by Act of August 1, 1956, in other words, a G. I. loan, commonly so-called, otherwise the defendants would be entitled to retain the payment as liquidated damages. §694(d) of the Act provides who may make such loans which are guaranteed and includes any federal land

bank, national bank, state bank, private bank, building and loan association, insurance company, credit loan or mortgage and loan company, that is subject to examination and supervision by an agency of the United States or of any state or territory, including the District of Columbia, or any state.

Our interpretation finds support in the cases which involve express conditions which are applicable in principle to the agreement now before us. Consideration of a few will suffice to illustrate the point. A written order to pay a bill for sash, doors and blinds to an amount not exceeding $2000 when mortgages are placed and from the amounts realized from said mortgages was held to be conditional not only on the placing of the mortgages, but also upon their being sufficient from the proceeds for the purpose. *Bailey v. Joy,* 132 Mass. 356. An agreement to make a loan depended upon approval of the title by the bank's attorney and the attorney's report that the title was not satisfactory was held to be sufficient justification for the refusal of the loan. *Gilson v. Cambridge Savings Bank,* 180 Mass. 444. The enactment of a law was held to be a condition precedent. *Gilson v. Blanchard,* 83 Mass. 420. See also, *Malden Knit Mills v. United States Rubber,* 301 Mass. 229; *Howland v. Plymouth,* 319 Mass. 321; *Phelps v. Shawprint, Inc.,* 328 Mass. 352; *Tilo Roofing Co. Inc. v. Pellerin,* 331 Mass. 743; *Smith v. Graham Refrigeration Products Co. Inc.,* 333 Mass. 181. Restatement of the Law of Contracts, s. 252 which describes an

"Express Condition" as a condition that is such because a promise or agreement so provides, and s. 258 relating to interpretation. Thus it may be said that the agreement was conditional upon the plaintiff's obtaining the G. I. Loan, so-called.

The defendants being aggrieved by the judge's finding, saved their right to a report of the Appellate Division by filing with the clerk a draft report within five days after notice of the finding. The draft report is deemed to include a request for a report. Rule 27 of the District Courts (1952).

In view of what has been said, there was no error in the denial of the defendants' request number 1 that "If the failure of the plaintiff to obtain a loan was due to his inability to obtain bank financing, he has failed to bring himself within the exception relating to 'the refusal of the V. A. to grant a mortgage', so as to bar defendant from applying the deposit as liquidated damages." The other requests are inconsequential. They are not directed to the decisive point and the defendants were not harmed by their denial. We see no occasion to consider them.

............ of ..........., for the Plaintiff.

Lewis & Lewis, of Taunton, for the Defendant.