*Southern District*

## HARRY W. TRUELL
### v.
## THOMAS E. HEALEY
### AND
## THOMAS E. HEALEY
### v.
## HARRY W. TRUELL

*Present:* Nash, P. J., & Callan, J.

Case tried to *Welch, J.,* in the District Court of Southern Norfolk. Nos. 13832 and 14232.

*Callan, J.* These two actions of tort for

negligence were tried together. In each the respective plaintiff seeks to recover for damage for personal injuries and property damage arising out of an automobile accident on May 14, 1958 at 6:30 A.M. in Canton.

The defendant in each case answered by way of general denial, contributory negligence and violation of law by the plaintiff which contributed towards the accident. There was evidence by Healey tending to show that he was traveling in a northerly direction in the Easterly lane of Route 138, a three-lane public highway, at a speed of about 40 miles per hour and about two car lengths behind the car owned and operated at the same speed by Truell in the same lane. Healey had been following Truell's car for about one half mile prior to the accident. The door of Truell's car opened while still traveling at the aforementioned speed and the hat of Truell's blew out the open door. Truell stopped his car suddenly without warning in the same lane. Healey did not see any brake lights from Truell's car. He applied his brakes at once and attempted to turn to his left but could not, because of the presence of a trailer truck that at the time was passing in the middle lane. He could not turn to the right because of an embankment. The front part of Healey's car came in contact with the rear of Truell's car. The weather was fair, traffic heavy, the road dry, with no obstructions to a clear view.

There was also evidence by Truell tending to show that while he was traveling at about

40 miles an hour he opened his door to spit and in doing so his hat blew off. He put on his brakes and gradually slowed down 150 feet from the point where his hat blew off, stopping his car beyond the embankment near a tree, two thirds of his car being off the traveled portion of the way. He looked in his mirror and saw some cars to his rear and waited, during which time two cars passed. Suddenly his car was struck in the left rear by Healey's car and pushed 15 to 20 feet off the road.

The following requests for rulings were made by Truell and denied.

3. Negligence of the plaintiff can be inferred because of the excessive damage to the rear of the defendant's vehicle.

4. From the extent of damage to the rear of the defendant's vehicle it can be inferred that the plaintiff was traveling at an unreasonable rate of speed and was, therefore, negligent in the operation of his motor vehicle.

Claiming to be aggrieved by the judge's ruling on his request and by the judge's finding for Healey, Truell claims a report to the Appellate Division. No special finding of facts was made by the judge.

The judge's general finding for Healey is conclusive, if there was any evidence to support it. *Commercial Credit Co. v. Mc-Donough*, 238 Mass. 73, 78. Such a finding imports the drawing of all rational inferences which are permissible on the evidence to support the conclusion and the finding of all subsidiary facts conducing to that result of

which the testimony is susceptible and the finding must stand unless unsupported by the evidence. *NY Gen. RR v. Marinucci Bros. & Co.,* 337 Mass. 469; *Ohman v. Julien,* 337 Mass. 774.

The evidence as to how the accident happened is conflicting. It was a question of fact to be determined by the judge. In order for Healey to recover as he did he had to show negligence on the part of Truell and that he was free of any contributory negligence. There was ample evidence to support the finding.

Truell in his request for rulings 3 and 4 asks the court to rule that Healey was negligent because of the extent of damage to Truell's car and also that because of the extent of damage he must have been traveling at an unreasonable rate of speed. There was evidence as to Healey's speed which the judge could have believed and adopted without regards to the extent of the damage to Truell's car. This was a question of fact. The only evidence of damage to Truell's car was the amount agreed on of $1,150.00.

As was stated in the case of *Warren v. Howe,* 332 Mass. 313 and in *Lech v. Escobar,* 318 Mass. 711, "the mere happening of a rear end collision is no evidence of negligence but slight evidence of the circumstances may place the fault." What the "circumstances" were in these cases was a question of fact and as to this it was for the judge to find.

The defendant is not entitled to a requested ruling predicated on facts not necessarily to

be inferred as a matter of law from the evidence. *Carnes v. Howard,* 180 Mass. 569; *Mechaber v. Pittle,* 270 Mass. 193, 195; *Shay v. Gagna,* 275 Mass. 386; *Cameron v. Buckley,* 299 Mass. 432; *Wilson v. Birkenbush,* 305 Mass. 173, 175.

We perceive no error and the report is ordered dismissed.

Francis D. Mone, William K. Mone, Cornelius F. Dineen, all of Taunton, for the Plaintiff Healey.

Goldstein & Assiran of Taunton, for the Defendant Truell.