REBECCA SNYDER & others *vs.* SAMUEL L. ROSEN & others.

Middlesex.    January 6, 1961. — February 14, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Practice, Civil,* Requests, rulings and instructions.

In an action for goods and services supplied in which the plaintiffs claimed that the concern which supplied them was a partnership of some of the plaintiffs and their father before his death and thereafter a succeeding partnership of the plaintiffs, and the defendant contended that the concern had been a sole proprietorship of the father, a request by the defendant for a ruling that he was not liable to the plaintiffs if the father was the sole proprietor of the concern "when the purchases were made" was properly refused as too broad where it appeared that some of the items involved had been supplied to the defendant after the death of the father.

CONTRACT.    Writ in the District Court of Newton dated November 22, 1955.

Upon removal to the Superior Court, the action was heard by *Gourdin,* J.

*Morris Michelson,* for the defendant Samuel L. Rosen.

*Russell H. Mann, Jr., (Walter E. Palmer* with him,) for the plaintiffs.

SPIEGEL, J.    This is an action on an account annexed for goods and services supplied by B. Snyder & Co. to the defendants from July 21, 1950, to March 17, 1952.    Three of the plaintiffs claimed to have been partners with Benjamin

Snyder, their father, in B. Snyder & Co., in 1950. The plaintiffs allege that in 1951, after the death of their father, they formed a new partnership which took over the assets and liabilities of the original partnership which included the amount owed to the original partnership by the defendants. The defendant Samuel Rosen contends that B. Snyder & Co. was a sole proprietorship of Benjamin Snyder "when the purchases were made" and that since the plaintiffs admitted by their answers to interrogatories that they received no interest in the claim by assignment from Benjamin Snyder or from his estate they cannot maintain this action.

The case was tried to an auditor whose findings were not final. The auditor found that three of the plaintiffs entered into partnership with Benjamin Snyder in B. Snyder & Co. in 1949; that in 1951 after the death of Benjamin Snyder on May 20, 1951, the plaintiffs formed a partnership to continue the business of B. Snyder & Co.; that the new partnership took over the assets and assumed the liabilities of the 1949 partnership; that such of the items in the plaintiffs' account annexed as were incurred before the death of Benjamin Snyder were assets of the 1949 partnership and thereafter were acquired by the plaintiffs as partners in the 1951 partnership and still remain assets of the plaintiffs; and that such of the items as were incurred after May 20, 1951, are likewise assets of the plaintiffs. The auditor found against Samuel Rosen in the amount of $2,906.84 plus interest.

At the trial before a judge, the plaintiffs introduced the auditor's report into evidence and rested. The defendants other than Samuel Rosen then rested and findings were made in their favor. Samuel Rosen, hereinafter called the defendant, then introduced his evidence. At the close of the evidence the following request for ruling was presented by the defendant: "The defendant Samuel L. Rosen is not liable to the plaintiffs who bring this action if Benjamin Snyder was the sole owner of B. Snyder & Co. when the purchases were made." The request was denied by the

trial judge. There were no findings of fact by the trial judge. He entered a finding against the defendant. To the denial of his request for ruling the defendant excepted.

Generally speaking, if a request states a correct rule of law, pertinent to the issues and applicable to the evidence, the party presenting the request has a right to the granting of the request. *Jaquith* v. *Davenport,* 191 Mass. 415, 418. *Bangs* v. *Farr,* 209 Mass. 339, 344. *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469, 472.

The trial judge did not err in denying the defendant's request for ruling. The record in this case includes the plaintiffs' account annexed. The account annexed showed services and goods supplied and payments made after May 20, 1951, the date of the death of Benjamin Snyder, and the auditor so found. The defendant's request was a request for a ruling of law that the defendant was not liable on the plaintiffs' claim if it were found that Benjamin Snyder was the sole owner of B. Snyder & Co. "when the purchases were made." This request for ruling is too broad for it contains within it, so far as the items incurred after Benjamin Snyder's death are concerned, a supposition that Benjamin Snyder was the sole owner of B. Snyder & Co. after he had died. Since the defendant failed to rebut the evidence that there were items incurred after Benjamin Snyder's death, his request for ruling was not, at least in part, based on evidence and therefore was properly refused. *Barnett* v. *Roberts,* 243 Mass. 233, 235. *Kelsey* v. *Hampton Court Hotel Co.* 327 Mass. 150, 154. Also see *Brand* v. *Suburban Land Co. Inc.* 299 Mass. 336, 339; *Norfolk County Trust Co.* v. *Green,* 304 Mass. 406, 409; *Zani* v. *Garrison Hall Inc.* 300 Mass. 128.

*Exceptions overruled.*