Donovan, J.
This is an action alleging negligence that resulted in a slip and fall on June 6,1993 at defendant Shaw’s Supermarket (Shaw’s) in Stoughton, Massachusetts.
Plaintiff Ann Malley (Malley) filed suit in the Boston Municipal Court on or about January 18,1994. Following a trial on March 9,1995, the court entered judgment in favor of Malley and awarded damages in the amount of $43,000.00.
Shaw’s has appealed the trial court’s denial of its Request for Ruling of Law #4.
4. Evidence that the plaintiff, after entering the defendant’s supermarket, on a rainy day and stepping off a floor mat just inside the door, slipped and fell on water apparently tracked into the store by people entering, and employees of the defendant were seen nearby, does not warrant a finding of negligence on the part of the defendant. See Wexler v. Stanetsky Memorial Chapel of Brookline, Inc., 2 Mass. App. 750 (1975).
The Supreme Judicial Court has opined on many occasions regarding requests for rulings. The separation of fact and law is achieved by the filing of requests for rulings of law which require the trial judge to state the rules of law adopted by him or her for guidance as a trier of fact in order that the right of review may be preserved. See, Hogan v. Coleman, 326 Mass. 770, 772 (1951). Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 312 (1968). Generally, a request for ruling is a simple statement of a correct principle of substantive or procedural law, pertinent to the issues and applicable to the evidence which should govern the trial judge’s resolution of the factual disputes in a case. See Snyder v. Rosen, 342 Mass. 116, 118 (1961).
The form of a request often determines whether it constitutes a request for a finding of fact, a request for a ruling of law or a mixed request which requires a judge to find particular facts and to apply these facts to the law of the case. A judge may properly refuse to act on a request for a finding of fact and may also properly refuse to act on a request for a mixed question of law and fact. See, Geraci v. A.G. Tomasello and Son, Inc., 293 Mass. 552, 554 (1936); Castano v. Leone, 278 Mass. 429, 431 (1932); Kravetz v. Linofsky, 294 Mass. 80, 85 (1936).
Defendant’s Request #4 called for the trial court to find particular facts. The court found to the contrary. The court’s findings included the following:
... a store employee notified the store manager that the shopping carts were tracking in dirty water and that the entrance way should be mopped dry. Nevertheless, the manager took no steps to secure the area and the floor remained wet.
The request at issue in the instant case incorporates findings of fact desired by the defendant but not made by the trial court; it is a request to act on a mixed question of law and fact which may properly be refused or denied. Report dismissed.